LOUIS E. SIGNORELLI, PETITIONER v. TOWN OF HIGHLANDS, N.C.; BOARD OF ADJUSTMENT OF THE TOWN OF HIGHLANDS, N.C.; RANDOLPH P. SHAFFNER, CHAIRMAN OF BOARD OF ADJUSTMENT OF THE TOWN OF HIGHLANDS, N.C., IN HIS OFFICIAL CAPACITY; AND RICHARD P. BETZ, BUILDING INSPECTOR AND ZONING ADMINISTRATOR OF HIGHLANDS, IN HIS OFFICIAL CAPACITY, RESPONDENTS

IN RE: APPLICATION OF LOUIS E. SIGNORELLI

No. 8830SC528

(Filed 16 May 1989)

**Municipal Corporations § 30.6— special use permit to operate game room — denial proper**

The Board of Adjustment of respondent town did not err in denying petitioner's application for a special use permit to operate a game room in a leased building on Main Street on the ground that the plans were so indefinite that public health and safety questions could not properly be addressed by the Board.

APPEAL by petitioner from Order and Judgment of *Judge J. Marlene Hyatt* entered the 4th day of January 1988 in MACON County Superior Court. Heard in the Court of Appeals 7 December 1988.

SIGNORELLI v. TOWN OF HIGHLANDS

[93 N.C. App. 704 (1989)]

*Haire & Bridgers, P.A., by Charles G. King, for petitioner appellant.*

*Karl, McConnaughhay, Roland & Maida, P.A., by Roderic G. Magie, for respondent appellees.*

COZORT, Judge.

Petitioner is appealing the denial of a special use permit to establish a game room within the same building as a donut shop he operates on Main Street in the Town of Highlands. The Board of Adjustment denied the application based on, among other considerations, a finding and conclusion that petitioner's plan as submitted was so lacking in detail that protection of the public welfare could not be assured. Petitioner appealed the Board's decision by writ of *certiorari* to the superior court. After a hearing, the trial court dismissed the writ, denying petitioner's request for relief from the Board's decision. Petitioner appeals. We affirm.

Louis E. Signorelli (hereinafter referred to as "petitioner") owns a leasehold interest in a building on Main Street in Highlands where he operates a donut shop. On 28 July 1987, petitioner submitted a special use permit application to the Board of Adjustment, Town of Highlands (hereinafter referred to as "the Board"), for a "donut shop and game room." Petitioner desired to install video and/or pinball games in an unoccupied part of the leased building in an area of approximately 940 square feet. The game area was separated from the donut bakery shop by a wall.

The building was in B-1A Inner-Central Business District and was certified by the Building Inspector to be in compliance with the building code. Petitioner had received from the Town of Highlands a business license to operate pinball machines. Highland's zoning ordinance required that places of entertainment were allowed in B-1A and B-1 districts only, and a special use permit had to be obtained for places of entertainment. On 11 August 1987 the Zoning Board of Adjustment held a hearing to consider petitioner's application for a special use permit.

Petitioner's evidence consisted of his sworn testimony and a blueprint of the building. The Board also received sworn testimony for and against the application from members of the community. The Board denied petitioner's application. In denying the application, the Board made four conclusions, summarized as follows: (1)

the proposed use will materially endanger the public health or safety if located where proposed; (2) the proposed use satisfies all the required conditions and specifications set forth in Sections 12.65 through 12.83 of the Town Ordinance; (3) the proposed use will substantially injure the value of adjoining or abutting property, or in the alternative, the use is not a public necessity; and (4) the proposed use will not be in harmony with the area in which it is located and in general conformity with the plan of development of the Town and its environs.

Petitioner appealed the Board's decision by writ of *certiorari* to the Macon County Superior Court. After a hearing the trial judge dismissed the writ and denied the relief sought by petitioner. In its order the trial court concluded, after making findings of fact, (1) that there had been no unconstitutional delegation of zoning power from Highlands to the Board, (2) that the Board had not denied petitioner's rights to due process or equal protection of the law, (3) that the Board had not violated petitioner's first amendment guarantee of freedom of association, and (4) that petitioner failed to meet the burden of producing evidence and the burden of persuasion to allow the Board to find in petitioner's favor. Petitioner is appealing that order.

On appeal the petitioner raises five issues: (1) that the trial court erred in considering matters in the record not considered by the Board of Adjustment; (2) that the denial of the permit was an unconstitutional delegation of the zoning power of the Board; (3) that petitioner was denied his rights to equal protection under the law because another business in the same zone was allowed to operate some games; (4) that petitioner was denied due process of law by the Board's failure to follow its own rules; and (5) the trial court erred in finding that petitioner had not met his burden of persuasion. We find that the last issue raised by the petitioner, relating to the evidentiary burden, is the controlling issue in this appeal, and we turn our attention to that issue.

Petitioner contends that the trial court erred in finding that he did not meet his burden of persuasion. Petitioner argues that he met his evidentiary burdens, as reflected in the Board's conclusion that he had complied with the building code established for the Town's B-1A District. He claims that such compliance established a *prima facie* case which entitled him to the special use permit. While we agree with petitioner's contention that he made

out a *prima facie* case for a permit, we find that the Board was correct in denying a permit based on the plan as submitted. A review of appellate decisions in this State demonstrates that the evidentiary burden in special use permit proceedings can shift from the applicant to those who oppose the application.

> When an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit, *prima facie* he is entitled to it. A denial of the permit should be based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record.

*Humble Oil & Refining Co. v. Bd. of Aldermen of Town of Chapel Hill*, 284 N.C. 458, 468, 202 S.E. 2d 129, 136 (1974). In *Woodhouse v. Bd. of Com'rs of Town of Nags Head*, 299 N.C. 211, 217, 261 S.E. 2d 882, 887 (1980), the court held that "an applicant has the initial burden of showing compliance with standards and conditions required by the ordinance for the issuance of a conditional use permit." Further,

> To hold that an applicant must first anticipate and then prove or disprove each and every general consideration would impose an intolerable, if not impossible, burden on an applicant for a conditional use permit. An applicant "need not negate every possible objection to the proposed use." (Citation omitted.) Furthermore, "once an applicant . . . shows that the proposed use is permitted under the ordinance and presents testimony and evidence which shows that the application meets the requirements for a special exception, the burden of establishing that such use would violate the health, safety and welfare of the community falls upon those who oppose the issuance of a special exception." *West Whiteland Township v. Exton Materials, Inc.*, 11 Pa. Cmwlth. 474, 479, 314 A. 2d 43, 46 (1974); *Appeal of College of Delaware County*, 435 Pa. 264, 254 A. 2d 641 (1969).

*Id.* at 219, 261 S.E. 2d at 887-88. Commentators on the subject have suggested the following approach, which we find to have value:

> [A]pplicants for special use permits *should* be required to bear the burden of producing evidence and the burden of persuasion with respect to all ordinance requirements and conditions that

are specific enough so that the applicant can reasonably be expected to understand what evidence must be presented to establish a prima facie case. For example, if the ordinance requires that each development have adequate sewage treatment facilities, an applicant will know how to demonstrate compliance with this requirement. On the other hand, if the ordinance provides that special use permits are to be issued only if the Board finds a proposed project to be "consistent with the public health and safety," an applicant has no way to anticipate and submit proof to overcome every conceivable objection to the project that might fall under this broad language. Therefore, an applicant should not be required to shoulder the burden of proof with regard to such general standards.

B. Brough and P. Green, Jr., The Zoning Board of Adjustment, at 83-84 (2d ed. Institute of Government, The University of North Carolina at Chapel Hill, 1984) (emphasis in original) (footnote omitted).

Applying those principles to the issue presented by this case, we find the first question to be determined is whether petitioner produced sufficient evidence of compliance with specific zoning conditions and building codes. If so, the second determination is whether the Board met its burden of showing that the proposed use would materially endanger the public health and safety if located where proposed and developed according to the plan as submitted.

The Board found and concluded from uncontroverted evidence that Petitioner complied with building code requirements and the setback, maximum height, vision clearance and easement requirements. Petitioner has, therefore, met his initial burden of establishing a *prima facie* case for issuing the permit, as to those specific requirements and conditions. Petitioner contends that, having met this burden, he is entitled to the permit. We disagree. In our examination of the record, we find that the Board properly determined, in the second part of the analysis, that there was evidence that the plans as submitted were not specific enough for the Board to properly decide that the proposed use will not materially endanger the public health or safety.

In support of that conclusion, the Board found:

Although water, electric, and sewer connections are already in place in an existent building that would not be altered on the exterior and that meets building code requirements

SIGNORELLI v. TOWN OF HIGHLANDS

[93 N.C. App. 704 (1989)]

for remodeling on the interior, *no set of plans or specifics were submitted regarding hours of operation, number of machines and tables, or methods of supervision so that protection of the public welfare against traffic and noise difficulties was not assured.* The parking and loading requirements have been waived for the B1-A [*sic*] District, but the potential increase in traffic on Main Street during commercial hours is a matter affecting the welfare of the community. Fire Department accessibility is assured by the proposal's proximity to the Fire Department immediately behind the building. (Emphasis supplied.)

The evidence before the Board supports this crucial finding. In addition to petitioner's application listing the proposed use as a "donut shop and game room," the Board considered an architectural blueprint of the building. The blueprint shows a building of approximately 1,660 square feet, less than half of which contains a donut shop. Eating, service, and bakery areas are drawn in great detail. In contrast the blueprint reveals a blank, 940-square-foot rectangle entitled "Rental Area" making up the remainder of the building. There is no indication from the drawing what kind of layout is planned or how many machines petitioner intends to place in that area.

Testimony from petitioner likewise failed to demonstrate in any reasonable measure of specificity what petitioner planned for the game room area of the building. At the hearing petitioner was asked by a Board member what kind of games he desired to install. Petitioner replied, "Whatever is permitted, whatever the law is, I will comply with it." When asked what changes he would make in the building's interior, petitioner replied, "I will clean it up and make it look nice." And when asked whether he had thought about soundproofing, petitioner replied that he had not thought about soundproofing but would soundproof if it was necessary.

Despite petitioner's apparent good faith desire to accede to the Board's wishes, we decline to require the Board to generate a plan to which petitioner can tailor his needs. The Board has the duty to give applicants impartial review. Impartiality would be destroyed if the Board created the plan for petitioner to follow. *In the Appeal of Hi-Line Boat Club*, 403 Pa. 50, 53, 169 A. 2d 47, 48 (1961), the Pennsylvania Supreme Court held that, since

the zoning ordinance required a plan drawn to scale as a prerequisite for granting a special exception, "[i]t was within the Board's discretion to reject anything less formal."

The Board has a duty to safeguard the health and safety of the entire community. A plan lacking in essential details and specifics potentially threatens health and safety no less than a detailed plan which is antithetical to the public interest. If the Board approves a special use in ignorance of the specifics, health and safety could be threatened when the plan later materializes. A finding that setback requirements and building codes have been met does not provide a sufficient safeguard.

We hold that the Board did not err in denying petitioner's application on the ground that the plans were so indefinite that public health and safety questions could not be properly addressed by the Board. As the Board correctly pointed out in its brief before this Court, petitioner is not barred from resubmitting an application with more details. If he does, the other alleged errors complained of by petitioner may not reoccur upon reconsideration and need not be addressed here.

The decision of the trial court affirming the Board's denial of petitioner's application is

Affirmed.

Judges PHILLIPS and GREENE concur.