JAMES C. HEWETT Petitioner v. THE COUNTY OF BRUNSWICK and THE ZONING BOARD OF ADJUSTMENT OF THE COUNTY OF BRUNSWICK, Respondents

No. COA02-162

(Filed 31 December 2002)

**Zoning— ordinance revision—mining—special exception permit**

    The trial court did not err by reversing the Board of Adjustment's decision to deny petitioner's request for modification to a 1997 special exception permit to operate a mine in the pertinent county and by remanding the matter back to the Board with directions to grant petitioner a special exception permit, because: (1) petitioner carried his burden of showing compliance with the standards and conditions required by the ordinance when he produced a current Department of Environment, Health, and Natural Resources permit for the activities contemplated and the 1997 ordinance had no other more stringent conditions specified; (2) the ordinance's use of the term "appropriate conditions and safeguards" cannot be used to justify unbridled discretion; and (3) it is apparent that had petitioner requested to amend his original permit prior to the ordinance's revision on 2 October 2000, such would have been approved as respondent county had no grounds to deny the request.

Appeal by respondents from judgment entered 27 September 2001 by Judge James R. Vosburgh in Brunswick County Superior Court. Heard in the Court of Appeals 9 October 2002.

*Baxley and Trest, by Roy D. Trest, for petitioner appellee.*

*Brunswick County Attorney Huey Marshall and Assistant County Attorney J. Mark Seagle, for respondent appellants.*

McCULLOUGH, Judge.

This case concerns the status of petitioner James C. Hewett's special exception permit to operate a mine in Brunswick County, North Carolina. The facts leading to this appeal are as follows: On 3 March

1997, Mr. Hewett submitted an application to Brunswick County for a special exception permit to mine sand and other materials on five acres of his land, which was zoned as rural property and was located off State Road 1125 within the Brunswick County limits. The Board unanimously voted to approve Mr. Hewett's application and granted him a special exception permit on 31 March 1997. Along with the special exception permit, the Zoning Administrator sent Mr. Hewett a letter stating that "any changes in the permit makes the special exception void and of no effect." Thereafter, Mr. Hewett applied for and obtained a mining permit from the North Carolina Department of Environment, Health, and Natural Resources, Division of Land Resources, Land Quality Section (DENR). Mr. Hewett's DENR permit was granted on 14 May 1997.

Shortly after he began operating his sand mine, Mr. Hewett discovered marl and began extracting it from the mine. Mr. Hewett purchased a crusher to process the marl in April 2000. He began using the crusher the following month and powered it using a diesel generator. Mr. Hewett contacted DENR and successfully amended his permit to allow such activity. The amended DENR permit (dated 17 July 2000) allowed Mr. Hewett to extract and crush marl, mine up to twenty acres, and dig to a depth of fifty feet.

During July 2000, Mr. Hewett contacted Brunswick Electrical Membership Corporation (Brunswick Electrical) and requested a three-phase electrical hookup for his crusher; he was told he first had to obtain an electrical permit from the Brunswick County Planning Department. Until Mr. Hewett contacted the Brunswick County Planning Department, the Department did not know Mr. Hewett was doing anything other than operating a five-acre sand pit, as stated in his 1997 special exception permit and application.

On 2 October 2000, the Brunswick County Board of Commissioners (the Board) adopted a zoning amendment which designated mining operations in the County as either Class 1 or Class 2 mines. A Class 1 mine was described as

[a] place where soil or other unconsolidated material (i.e. sand, marl, rock, fossil deposits, peat fill, or topsoil) is removed to be used off-site, *without* further on-site processing (i.e. use of conveyor systems; screening machines; crushing; or other mechanical equipment). It does not involve dewatering or the use of explosives and has an affected land area of no greater than 20 acres.

In rural areas, including the property upon which Mr. Hewett's mine was located, only Class 1 mines were permitted. When Mr. Hewett began extracting marl and processing it (by crushing and dewatering) he was operating a Class 2 mine under the new ordinance. The ordinance in effect from 1997 to 2 October 2000 was silent on this issue.

During October 2000, the Brunswick County Planning Department informed Mr. Hewett that he would not receive an electrical permit until he applied for and was granted a modification to his original 1997 special exception permit. Mr. Hewett filed numerous documents with the Brunswick County Planning Department to obtain the necessary modification, and a hearing on the matter was held before the Board on 9 November 2000. During the hearing, sworn testimony was received from Mr. Hewett, his representative Mr. Harvey Lee Hall, and two neighboring property owners. Mr. Hewett was permitted to make any statements he wished and was also allowed to ask questions of anyone present, including the Board itself. The Zoning Administrator read the findings of fact aloud and the Board members discussed and filled out a Special Exception Permit Board Consideration Worksheet. On 1 December 2000, the Board unanimously denied Mr. Hewett's request and stated the denial would take effect whether Mr. Hewett's request was deemed a request for modification of his 1997 special exception permit or a request for a new special exception permit.

On 14 December 2000, Mr. Hewett filed a petition pursuant to N.C. Gen. Stat. § 153A-45 requesting relief from the Board's denial of his request for a permit. Brunswick County answered and requested a dismissal. The matter was heard on 24 September 2001. The trial court made a number of findings of fact and concluded:

1. That the Petitioner's mining operation was in conformity with the Brunswick County Zoning Ordinance as it then existed when he began the operation of the crushing machine which was prior to the amendment to the Brunswick County Ordinance on October 2, 2000;

2. That the decision of the Board of Adjustment in denying the petitioner's request for a modification to his Special Exception permit is arbitrary, oppressive, and capricious in that it attempts to make a distinction between the lawful operation of the crushing machine pursuant to diesel generated power and power provided through a permanent electrical connection;

3. That *reviewing the record as a whole* it appears that the Petitioner has established that [] the denial of his request for a Special Exception was a manifest abuse of authority by the Brunswick County Board of Adjustment[.]

(Emphasis added.) In the decretal portion of the judgment, the trial court reversed the Board's decision, remanded the case to the Board, and instructed the Board that Mr. Hewett was entitled to a special exception permit. Brunswick County and the Board appealed.

On appeal, respondents argue the trial court committed reversible error by (I) drawing up conclusions of law that were contrary to and unsupported by the evidence presented and testimony given at the Board of Adjustment hearing; and (II) ordering that Mr. Hewett be granted a new permit or a modification of his original permit on the ground that the order is contrary to the findings. Upon review, we affirm the decision of the trial court.

In the present case, the Board functioned as a quasi-judicial body when it considered Mr. Hewett's request. *See Refining Co. v. Board of Aldermen*, 284 N.C. 458, 469, 202 S.E.2d 129, 136-37 (1974). The superior court reviews decisions of the Board "by proceedings in the nature of certiorari," N.C. Gen. Stat. § 160A-381(c) (2001), and functions as an appellate court rather than as a trier of fact. *Sun Suites Holdings, LLC v. Board of Aldermen of Town of Garner*, 139 N.C. App. 269, 271, 533 S.E.2d 525, 527, *disc. review denied*, 353 N.C. 280, 546 S.E.2d 397 (2000). Our Supreme Court has established the following superior court guidelines for reviewing special zoning request decisions:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Id.* at 272, 533 S.E.2d at 527.

"[T]he appellate court examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 675, 443 S.E.2d 114, 118-19 (1994). *See also Tate Terrace Realty Investors, Inc. v. Currituck County*, 127 N.C. App. 212, 219, 488 S.E.2d 845, 849, *disc. review denied*, 347 N.C. 409, 496 S.E.2d 394 (1997). The standard of review depends upon the nature of the error of which the petitioner complains. If the petitioner complains that the Board's decision was based on an error of law, the reviewing court conducts a *de novo* review. *C.C. & J. Enter., Inc. v. City of Asheville*, 132 N.C. App. 550, 552, 512 S.E.2d 766, 769 (1999). If the petitioner complains that the Board's decision was not supported by the evidence or was arbitrary and capricious, the reviewing court uses the whole record test. *Id.* "The 'whole record' test requires the reviewing court to examine all competent evidence (the 'whole record') in order to determine whether the agency decision is supported by 'substantial evidence.'" *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118. *See also Hedgepeth v. N.C. Div. of Servs. for the Blind*, 142 N.C. App. 338, 347, 543 S.E.2d 169, 174 (2001).

Respondents contend that each of the trial court's three conclusions of law were contrary to and unsupported by the evidence presented by the parties at the Board hearing. They maintain the trial court should have allowed the Board's decision to stand because it was a proper exercise of its power, rather than an arbitrary and capricious act.

For his part, petitioner Hewett does not differentiate between the arguments presented by the County and the Board; rather, he makes an argument which encompasses all aspects of the case. Mr. Hewett first argues no application for modification was required of him because at the time he tried to obtain an electrical permit for his crushing machine, Brunswick County did not differentiate between Class 1 and Class 2 mines. The distinction took effect on 2 October 2000, at which time Mr. Hewett was already a permittee. He contends he did not have to request a modification of his original permit under the Brunswick County zoning ordinance, as the zoning ordinance in effect at the time he received his initial special exception permit issuance (in 1997) allowed him to extract a number of items, including marl.

Mr. Hewett maintains that had he applied to modify his Brunswick County permit prior to 2 October 2000, the Board and Brunswick County would have been obligated to issue a modified permit, as a denial would have constituted an arbitrary and capricious act. Mr. Hewett further argues he passed all mining inspections required by DENR and that, with his DENR-approved permit, he was therefore substantively in compliance with both state and county requirements. He believes the Board improperly voided his original permit. During the 24 September 2001 motion hearing in Brunswick County Superior Court, he contended he should have been "grandfathered in" after the zoning ordinance was changed on 2 October 2000 to include classifications for Class 1 and Class 2 mines. Consequently, on appeal, Mr. Hewett believes the trial court acted properly by reversing the Board's decision and by remanding the matter back to the Board with directions to grant him a special exception permit.

We must first determine the appropriate scope of review the trial court should have employed in reaching its conclusions of law. After the Board denied his request for a modification to the 1997 special exception permit, Mr. Hewett petitioned the Brunswick County Superior Court for review and alleged the following errors:

A. The Board of Adjustment failed to make proper findings of fact and conclusions of law as required;

B. The Board of Adjustment failed to follow procedure as established by N.C.G.S. § 153A-345;

C. The decision of the Board of Adjustment is not supported by competent, material and substantial evidence;

D. The appropriate due process rights of the petitioner were not protected;

E. The decision of the Board of Adjustment is arbitrary and capricious;

F. Such other regards as will be shown by the record.

Upon examination, we believe the language of the judgment indicates that the trial court applied the "whole record" test in concluding that the Board abused its authority in denying Mr. Hewett the special exception permit. This is the appropriate standard of review when the trial court determines that the Board acted in an arbitrary and capricious manner or abused its authority. *C.C. & J. Enters., Inc.*, 132 N.C. App. at 552, 512 S.E.2d at 769.

Respondents further argue that the trial court erred in concluding "[t]hat reviewing the record as a whole it appears that the Petitioner has established that [] the denial of his request for a Special Exception was a manifest abuse of authority by the Brunswick County Board of Adjustment[.]" We agree with the trial court's conclusion and find that the record shows the Board failed to consider petitioner Hewett's application to modify his permit and instead voided the permit, an act that exceeded its authority. The Board went on to examine Mr. Hewett's application under the new ordinance that became effective on 2 October 2000.

When the Board reviewed Mr. Hewett's application, it stated it was treating Mr. Hewett's application as both a request for modification of his original 1997 permit and as a request for a new permit. The record reveals the Board rejected Mr. Hewett's application as a request for modification because Mr. Hewett had performed activities in violation of the terms of his original permit. The Board concluded that such acts made his original permit void and rendered it impossible to issue a modified permit, as the Board could not modify a voided permit. In reaching this conclusion, the Board relied on its 31 March 1997 letter: "If any of the conditions affixed or any part thereof is held invalid or void, then this permit shall be void and of no effect." The Board then treated Mr. Hewett's application as a request for a new permit, but refused to grant his request because, under the new ordinance, he was operating a Class 2 mine on rural property—a prohibited act under the new ordinance.

In this ruling the Board erred. First, the language relied on by the Board is vague and does not support the interpretation now advanced by respondents. More importantly, however, is the fact that nowhere in the statutes delegating the zoning authority to the counties is any such power delegated. *See* N.C. Gen. Stat. §§ 153A-340 and 153A-345 (2001). Mr. Hewett's failure to abide by the conditions originally set forth in his 1997 application and permit subjected his operation to civil and/or criminal penalties. N.C. Gen. Stat. § 74-64 (2001). While the legislature allows counties to impose "appropriate conditions and safeguards" upon conditional use permits such as the one at issue in this case, N.C. Gen. Stat. § 153A-340(c), both that statute and N.C. Gen. Stat. § 153A-345(c) make clear that any such conditions must be specified in the ordinance.

From the date of the approval of the 1997 permit until 2 October 2000, the Brunswick County ordinance provided:

**HEWETT v. COUNTY OF BRUNSWICK**

[155 N.C. App. 138 (2002)]

D. Special Exceptions Permissible by the Zoning Board of Adjustment

After public notice and hearing, and subject to appropriate conditions and safeguards, the Zoning Board of Adjustment may permit:

\* \* \* \*

(4) Extraction of sand, marl, rock, fossil deposits, peat, fill or topsoil.

The ordinance did not define any specific "appropriate conditions and safeguards." The only conditions imposed are contained in the Findings of Fact attached to Brunswick County's permit of 31 March 1997. Those conditions were as follows:

4) The applicant is mandated to meet all of the requirements of the North Carolina Department of Environment, Health and Natural Resources, Division of Environmental Management, Division of Land Resources, Division of Erosion and Sedimentation Control, and the U. S. Army Corps of Engineers. The necessary permits must be obtained from the regulating agencies.

At the time of his application to amend his 1997 permit, Mr. Hewett was in full compliance with these conditions. Instead of voiding the original permit, the Board should then have considered Mr. Hewett's application in light of the standards in effect prior to 2 October 2000.

A special use permit is "one issued for a use which the ordinance expressly permits in a designated zone upon proof that certain facts and conditions detailed in the ordinance exist." *Refining Co.*, 284 N.C. at 467, 202 S.E.2d at 135. "[A]n applicant has the initial burden of showing compliance with the standards and conditions required by the ordinance for the issuance of a conditional use permit." *Woodhouse v. Board of Commissioners*, 299 N.C. 211, 217, 261 S.E.2d 882, 887 (1980). However,

[w]hen an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit, *prima facie* he is entitled to it. A denial of the permit should be based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record.

*Refining Co.*, 284 N.C. at 468, 202 S.E.2d at 136. *See also Signorelli v. Town of Highlands*, 93 N.C. App. 704, 707, 379 S.E.2d 55, 57 (1989).

Here, Mr. Hewett carried his burden when he produced a current DENR permit for the activities contemplated and the 1997 ordinance had no other, more stringent conditions specified. Under *Refining Co.*, Mr. Hewett was then entitled to the issuance of a special exception permit. The ordinance's use of the term "appropriate conditions and safeguards" cannot be used to justify unbridled discretion. *See* 8 McQuillin, Mun. Corp. § 25.165 (rev. 3d ed. (2000)) pp. 614-15. It is apparent that had Mr. Hewett requested to amend his original permit prior to the ordinance's revision on 2 October 2000, such would have been approved, as Brunswick County had no grounds to deny the request. In denying the current application, the Board abused its authority, and the trial court properly ordered that the Board issue the permit. In light of this conclusion, it is unnecessary to address respondents' other arguments. Accordingly, the judgment of the trial court is

Affirmed.

Judges TYSON and THOMAS concur.