NORTHFIELD DEVELOPMENT COMPANY, INC., PLAINTIFF v. CITY OF BURLINGTON, A POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA, DEFENDANT

No. COA03-1024

(Filed 17 August 2004)

**Cemeteries; Zoning— denial of special use permit—subject matter jurisdiction—certiorari proceeding—writ of mandamus**

The trial court did not have subject matter jurisdiction over a case where plaintiff company sought an order compelling defendant city to issue a special use permit for operation of a cemetery and seeking monetary damages, because: (1) N.C.G.S. § 160A-381(c) sets forth the procedure for review of the denial of an application for a special use permit by a city council, every decision of the city council shall be subject to review by the superior court by proceedings in the nature of certiorari, and the superior court sits as the appellate court rather than as a trial court; (2) in the instant case rather than petitioning for certiorari,

plaintiff filed a civil action seeking review of the city council's decision and an order of the court directing the city to issue the special use permit, the trial court never requested any record of the proceedings before defendant nor was such record ever filed in the matter, and the parties engaged in extensive discovery and thereafter sought resolution of the case by each party filing a motion for summary judgment which is improper for a certiorari proceeding; (3) without a record to review, the trial court could not apply the proper appellate standard of review, and in turn neither could the Court of Appeals; and (4) assuming arguendo that plaintiff's complaint states a claim for mandamus, it does not confer jurisdiction over this claim when issuance of a writ of mandamus is an exercise of original and not appellate jurisdiction.

Appeal by plaintiff from judgments entered 28 April 2003 and 29 May 2003 by Judge Kenneth C. Titus in Alamance County Superior Court. Heard in the Court of Appeals 18 May 2004.

*Smith, James, Rowlett & Cohen, L.L.P., by Seth R. Cohen and J. David James, for plaintiff-appellant.*

*Robert M. Ward, Attorney for City of Burlington, and Thomas, Ferguson & Mullins, L.L.P., by Jay H. Ferguson, for defendant-appellee.*

STEELMAN, Judge.

Plaintiff, Northfield Development Co, Inc., appeals two orders and judgments of the trial court, dismissing its claims against defendant.

On 10 June 1999, plaintiff submitted an application to defendant for a special use permit to allow it to operate a cemetery upon a fifty acre tract located within the extraterritorial zoning jurisdiction of defendant. Defendant's planning director requested that plaintiff submit additional information, including a site plan. Plaintiff refused to submit the additional information. On 3 August 1999, the Burlington Town Council (defendant), without holding a public hearing on the matter, denied plaintiff's request for a special use permit. On 21 September 1999, plaintiff filed a complaint against defendant. This action was subsequently dismissed without prejudice on 6 April 2001. Plaintiff filed the present action on 5 April 2002.

Plaintiff's complaint asserts that the North Carolina Cemetery Act, Chapter 65 of the North Carolina General Statutes, established a

**NORTHFIELD DEV. CO. v. CITY OF BURLINGTON**

[165 N.C. App. 885 (2004)]

complete and integrated regulatory scheme, and that defendant was not entitled to request additional information in connection with plaintiff's application for a special use permit. Plaintiff asserted two causes of action. First, it sought an order compelling defendant to issue the special use permit. Second, it sought monetary damages, alleging the denial of the permit was unreasonable, arbitrary, and capricious in violation of Article I, Section 19 of the North Carolina Constitution, and also violated the North Carolina Cemetery Act.

This matter came on before the Superior Court of Alamance County on 17 March 2003, upon plaintiff's motion for partial summary judgment, defendant's motion to dismiss for failure to state a claim upon which relief could be granted, and defendant's motion for summary judgment. By order and judgment filed 28 April 2003, the trial court denied plaintiff's motion for partial summary judgment and defendant's motion to dismiss plaintiff's second claim. This order granted defendant's motion to dismiss plaintiff's first claim based upon mootness, and also granted defendant's motion for summary judgment as to plaintiff's second claim. Plaintiff gave notice of appeal from this order and judgment on 20 May 2003. On 28 May 2003, Judge Titus entered an amended order and judgment, from which plaintiff appealed on 21 July 2003. The amended order and judgment contained minor wording changes from the original order and judgment. The decretal portion of the two orders and judgments are identical. Defendant asserted a cross-assignment of error, asserting the trial court erred in denying its motion to dismiss plaintiff's second claim.

We first address whether this Court or the trial court had jurisdiction over this matter. The issue of whether a court has subject matter jurisdiction may be raised at any time during a proceeding, and the issue may be raised for the first time on appeal. *Wood v. Guilford Cty.*, 355 N.C. 161, 164, 558 S.E.2d 490, 493 (2002); N.C. Gen. Stat. § 1A-1, Rule 12(h)(3) (2003). Even if the parties did not raise the issue in their briefs, the court may raise the question of subject matter jurisdiction by its own motion. *Howell v. Morton*, 131 N.C. App. 626, 629, 508 S.E.2d 804, 806 (1998). Further, the parties cannot stipulate to give a court subject matter jurisdiction where no such jurisdiction exists. *Alford v. Shaw*, 327 N.C. 526, 533, 398 S.E.2d 445, 448-49 n.1 (1990).

In North Carolina, there is no inherent right to appeal. *Cox v. Kinston*, 217 N.C. 391, 396, 8 S.E.2d 252, 257 (1940). Rather, avenues of appeal are created by statute. *Id.* N.C. Gen. Stat. § 160A-381(c) expressly sets forth the procedure for review of the denial of an

application for a special use permit by a city council. "[E]very such decision of the city council shall be subject to review by the superior court by proceedings in the nature of certiorari." N.C. Gen. Stat. § 160A-381(c) (2003). Upon the filing of the petition for review by certiorari, the trial court issues an order directing that the record of the proceedings before the municipality be brought up before the court. In reviewing the actions of the town council pursuant to N.C. Gen. Stat. § 160A-381, the superior court sits as an appellate court, not as a trial court. *Estates, Inc. v. Town of Chapel Hill*, 130 N.C. App. 664, 667, 504 S.E.2d 296, 299 (1998), *disc. review denied*, 350 N.C. 93, 527 S.E.2d 664 (1999). In determining whether it was proper for a town council to deny an application for a special use permit, the applicable standard of review depends upon the nature of the error asserted by petitioner. *Hewett v. County of Brunswick*, 155 N.C. App. 138, 142, 573 S.E.2d 688, 691 (2002). The reviewing court conducts a *de novo* review where the petitioner asserts an error of law. *Id.* If the petitioner alleges that the council's decision was arbitrary and capricious, as is the case here, the reviewing court applies the whole record test. *Id.* This requires the reviewing court to examine the entire record to determine if the agency's decision was supported by substantial evidence. *Id.* The trial court may not consider evidence outside of the record. *Batch v. Town of Chapel Hill*, 326 N.C. 1, 11, 387 S.E.2d 655, 662, *cert. denied*, 496 U.S. 931, 110 L. E. 2d 651 (1990). Nor is it proper for a trial court in a certiorari proceeding to grant summary judgment. *Id.*

In this case, the Burlington City Council denied plaintiff's request for a special use permit. Rather than petitioning for certiorari, plaintiff filed a civil action seeking review of the city council's decision, and an order of the court directing the city to issue the special use permit. The trial court never requested any record of the proceedings before defendant, nor was such record ever filed in this matter. Instead, the parties engaged in extensive discovery, including the taking of five depositions, filing five affidavits, and then sought resolution of the case by each party filing a motion for summary judgment. This is precisely what our Supreme Court in *Batch* held could not occur in a certiorari proceeding. Without a record to review, the trial court cannot apply the proper appellate standard of review, and in turn, neither can this Court.

This matter was not commenced by the filing of a complaint on 5 April 2002. This matter was commenced by the filing of plaintiff's application for a special use permit with defendant on 10

**NORTHFIELD DEV. CO. v. CITY OF BURLINGTON**

[165 N.C. App. 885 (2004)]

June 1999. The courts of this State are limited to reviewing this matter in an appellate posture under the provisions of N.C. Gen. Stat. § 160A-381(c). It is the province of the General Assembly to create alternative avenues of appeal and review, not the courts. Since plaintiff failed to file a petition for a writ of certiorari seeking review of this matter, both the trial court and this Court are without jurisdiction to hear plaintiff's first claim.

In its order and judgment, the trial court characterized plaintiff's first claim as a "mandamus claim." Assuming *arguendo* that plaintiff's complaint does state a claim for mandamus, we hold that this did not confer jurisdiction over this claim.

Where a statute stipulates a specific route for an appeal to the superior court for review, this procedure is the exclusive means for obtaining judicial review. *See N.C. Central University v. Taylor*, 122 N.C. App. 609, 613, 471 S.E.2d 115, 118 (1996), *aff'd per curiam*, 345 N.C. 630, 481 S.E.2d 83 (1997). A writ of mandamus is only to be issued where there is no other legal remedy. *Young v. Roberts*, 252 N.C. 9, 17, 112 S.E.2d 758, 765 (1960). As stated above, N.C. Gen. Stat. § 160A-381(c) provides for review of a denial of a special use permit by the parties filing a petition for writ of certiorari to the superior court. Furthermore, the " 'issuance of a writ of *mandamus* is an exercise of original and not appellate jurisdiction.' " *Id.* (citations omitted). As noted above, in reviewing the town council's decision denying the permit, the trial court sits as an appellate court. *Estates, Inc.*, 130 N.C. App. at 667, 504 S.E.2d at 299. Thus, plaintiff cannot create jurisdiction by couching its claim in the guise of a mandamus proceeding.

Plaintiff's second claim sought monetary damages from defendant for its denial of the special use permit. As the trial court was without jurisdiction to hear plaintiff's first claim, plaintiff cannot prevail on this issue.

For the reasons discussed above, the trial court's orders and judgments are vacated and this matter is remanded to the trial court for proceedings consistent with this opinion.

VACATED AND REMANDED.

Judges WYNN and CALABRIA concur.