ELMORE, Judge.
 

 *349
 
 Daniel Hirschman, Jason and Joan Hickey, William Hlavac, Christopher and Amy Gamber, James Miller, and Jeffrey C. Pugh and Janice M. Rivero (petitioners) appeal from the Chatham County Superior Court's order dismissing with prejudice their petition for writ of certiorari. After careful review, we affirm.
 

 *350
 

 I. Background
 

 According to the petition, on 30 April 2014, American Tower, LLC and AT&T Mobility (the applicant) applied to Chatham County (respondent) for a conditional-use permit to erect and operate a monopole telecommunications tower. The Chatham County Board of Commissioners (BOC) held a quasi-judicial hearing on the matter on 16 June 2014, and it forwarded the application to the county planning board for a recommendation. On 5 August 2014, the county planning board recommended that the conditional-use permit be approved. The BOC held a meeting on 15 September 2014 in which it granted the conditional-use permit by adopting a resolution. The BOC's decision was filed with the clerk of the BOC on 6 October 2014.
 

 Petitioners are citizens and residents of Chatham County who live "within plain view" of the proposed tower. On 31 October 2014, petitioners filed a "Petition for Review in the Nature of Certiorari," seeking review of the BOC's decision to grant the applicant a conditional-use permit. Petitioners alleged that they had standing to bring the petition because they were "owners of residences and lots in close proximity to the tower site such that the tower will be plainly visible from [p]etitioners' properties," and they "will sustain a diminution in the fair market values of their properties and an impairment of the residential integrity and character of their community."
 

 On 10 November 2014, the Chatham County Superior Court issued a writ of certiorari. Respondent filed a response to the petition and a motion to dismiss, arguing that the petition was deficient in that petitioners failed to name the applicant as a respondent as required by N.C. Gen. Stat. § 160A-393(e). Thus, respondent claimed that the superior court lacked jurisdiction. Second, respondent argued that petitioners lacked standing because there was no evidence to establish that they would suffer special damages. On 30 April 2015, petitioners filed a "motion for entry of consent order allowing motion to intervene, or, in the alternative, for an order to include the applicant and other parties designated in the consent order [to] be added as respondents."
 

 After a hearing on respondent's motion, the trial court entered an order concluding that it lacked subject matter jurisdiction over the cause "because the appeal was not properly perfected in accordance with
 
 N.C. Gen. Stat. § 160
 
 [A]-393(e) in that the [p]etitioners were not the applicants before the decision-making board whose decision is being appealed, and the [p]etitioners failed to name the applicants, AT&T and American Towers, as respondents in their petition." Accordingly, the
 
 *351
 
 trial court granted respondent's motion to dismiss and dismissed the petition with prejudice. Petitioners appeal.
 

 II. Analysis
 

 "The appellate court reviews
 
 de novo
 
 an order of the trial court allowing a motion to dismiss for lack of subject matter jurisdiction[.]"
 
 Cooke v. Faulkner
 
 ,
 
 137 N.C.App. 755
 
 , 757,
 
 529 S.E.2d 512
 
 , 513 (2000) (citation omitted).
 

 Petitioners argue that their failure to name the applicant as a respondent in the petition did not deprive the trial court of subject matter jurisdiction, relying exclusively
 
 *213
 
 on our holding in
 
 MYC Klepper/Brandon Knolls L.L.C. v. Board of Adjustment for City of Asheville
 
 ,
 
 238 N.C.App. 432
 
 , 436-37,
 
 767 S.E.2d 668
 
 , 671 (2014). Respondent claims that the trial court correctly dismissed the petition because petitioners failed to comply with N.C. Gen. Stat. § 160A-393(e), which constituted a jurisdictional defect. Alternatively, pursuant to Rule 10(c)
 
 [1]
 
 of the North Carolina Rules of Appellate Procedure, respondent argues that the petition must be dismissed because petitioners lack standing.
 

 When deciding special use permits or conditional use permits, the board of county commissioners or planning board shall follow quasi-judicial procedures.... Every such decision of the board of county commissioners or planning board shall be subject to review of the superior court in the nature of certiorari consistent with G.S. 160A-388.
 

 N.C. Gen. Stat. § 153A-340(c1) (2015). Section 160A-388(e2)(2) provides: "Every quasi-judicial decision shall be subject to review by the superior court by proceedings in the nature of certiorari pursuant to G.S. 160A-393." N.C. Gen. Stat. § 160A-388(e2)(2) (2015). Furthermore, "[a] petition for review shall be filed with the clerk of superior court by the later of 30 days after the decision is effective or after a written copy thereof is given in accordance with subdivision (1) of this subsection."
 

 Id.
 

 N.C. Gen. Stat. § 160A-393, entitled "Appeals in the nature of certiorari," applies to "appeals of quasi-judicial decisions of decision-making
 
 *352
 
 boards when that appeal is to superior court and in the nature of certiorari as required by this Article." N.C. Gen. Stat. § 160A-393(a) (2015) ;
 
 see also
 
 2009 N.C. Sess. Law 2009-421 ("An act to clarify the law regarding appeals of quasi-judicial decisions made under Article 19 of Chapter 160A and Article 18 of Chapter 153A of the General Statutes."). "An appeal in the nature of certiorari shall be initiated by filing with the superior court a petition for writ of certiorari." N.C. Gen. Stat. § 160A-393(c). Relevant here, subsection (e), entitled "Respondent" provides:
 

 The respondent named in the petition shall be the city whose decision-making board made the decision that is being appealed, except that if the petitioner is a city that has filed a petition pursuant to subdivision (4) of subsection (d) of this section, then the respondent shall be the decision-making board.
 
 If the petitioner is not the applicant before the decision-making board whose decision is being appealed, the petitioner shall also name that applicant as a respondent
 
 ....
 

 N.C. Gen. Stat. § 160A-393(e) (emphasis added). "Our appellate courts have consistently held that the use of the word 'shall' in a statute indicates what actions are required or mandatory."
 
 Morningstar Marinas/Eaton Ferry, LLC v. Warren Cnty.
 
 ,
 
 233 N.C.App. 23
 
 , 28,
 
 755 S.E.2d 75
 
 , 79,
 
 disc. review denied
 
 ,
 
 367 N.C. 508
 
 ,
 
 758 S.E.2d 862
 
 (2014), and
 
 aff'd
 
 ,
 
 368 N.C. 360
 
 ,
 
 777 S.E.2d 733
 
 (2015).
 

 Here, respondent directs our attention to two unpublished opinions that have addressed this precise issue. In
 
 Whitson v. Camden County Board of Commissioners
 
 , COA12-1282,
 
 2013 WL 3770664
 
 , at *1 (N.C. Ct. App. July 16, 2013), the Camden County Board of Commissioners approved Camden Plantation Properties, Inc.'s application for a conditional-use permit. Mr. Whitson, a nearby landowner, filed a petition for writ of certiorari, seeking review of the board's decision.
 

 Id.
 

 Pursuant to the county's motion, the superior court dismissed the petition because Mr. Whitson failed to name the applicant as a respondent in his petition, as required by statute.
 

 Id.
 

 On appeal, this Court observed that "[a]s the trial court concluded, ' [N.C. Gen. Stat.] § 160A-393(e) is jurisdictional in nature.' "
 
 Id.
 
 at *2. Citing the "clear and unambiguous" language in N.C. Gen. Stat. § 160A-393(e), we concluded that the trial court properly dismissed the petition.
 
 Id.
 

 *214
 
 In
 
 Philadelphus Presbyterian Foundation, Inc. v. Robeson County Board of Adjustment
 
 , COA13-777,
 
 2014 WL 47325
 
 , at *1 (N.C. Ct. App. Jan. 7, 2014),
 
 disc. review denied
 
 ,
 
 367 N.C. 504
 
 ,
 
 758 S.E.2d 873
 
 (2014),
 
 *353
 
 this Court similarly affirmed a trial court's order for the same reason. The Robeson County Board of Commissioners approved Buie Lakes Plantation, LLC's application for a conditional-use permit.
 

 Id.
 

 The petitioners, a number of individuals and two corporations, filed a petition for writ of certiorari, seeking review of the board's decision.
 

 Id.
 

 The petitioners did not name the applicant, Buie Lakes, as a respondent.
 

 Id.
 

 The named respondents moved to dismiss the petition, which the superior court allowed because the petitioners failed to name the applicant as a respondent in the petition, as required by statute.
 
 Id.
 
 at *2.
 

 On appeal, this Court acknowledged that
 
 Whitson
 
 was not binding, but we concluded that
 

 it is consistent with and compelled by our decision in
 
 McCrann v. Village of Pinehurst
 
 ,
 
 216 N.C.App. 291
 
 ,
 
 716 S.E.2d 667
 
 (2011), in which the petitioner's challenge to the issuance of a conditional use permit was not filed within the thirty day period specified in N.C. Gen. Stat. § 160A-388(e2) and in which we held that this deficiency, like the failure to note an appeal in a timely manner, deprived the reviewing court of any jurisdiction to hear and determine the issues raised in the petition....
 

 Although the filing of a
 
 certiorari
 
 petition certainly bears some resemblance to the institution of a civil action, as Petitioners implicitly assert, the analogy between an appeal and a request for
 
 certiorari
 
 review made in
 
 McCrann
 
 is clearly the correct one. In such
 
 certiorari
 
 proceedings, the "superior court is not a trier of fact, but assumes the posture of an appellate court."
 
 In re Appeal of Willis
 
 ,
 
 129 N.C.App. 499
 
 , 500,
 
 500 S.E.2d 723
 
 , 725 (1998).... For that reason, we conclude that the extent to which a trial court obtains jurisdiction to address the issues raised in a
 
 certiorari
 
 petition should be analyzed in the same manner as the extent to which an appellate court obtains jurisdiction over an appeal from the General Court of Justice or an administrative agency.
 

 Philadelphus Presbyterian Found., Inc.
 
 ,
 
 2014 WL 47325
 
 , at *3.
 

 The
 
 Philadelphus
 
 Court also addressed the petitioners' argument that, based on our decision in
 
 Mize v. Mecklenburg County
 
 ,
 
 80 N.C.App. 279
 
 ,
 
 341 S.E.2d 767
 
 (1986), the trial court was obligated to allow their motion to amend the petition.
 

 *354
 

 Philadelphus Presbyterian Found., Inc.
 
 ,
 
 2014 WL 47325
 
 , at *5. In
 
 Mize
 
 , the trial court dismissed the petitioners' "Petition in the Nature of Certiorari," filed under N.C. Gen. Stat. § 153A-345, for failing to join a necessary party.
 
 Mize
 
 ,
 
 80 N.C.App. at 280-81
 
 ,
 
 341 S.E.2d at 768
 
 . This Court reversed, noting that a dismissal "under Rule 12(b)(7) is proper only when the defect cannot be cured" and "under the circumstances presented, the court abused its discretion by failing to allow the petitioners to amend the petition to join the Zoning Board of Adjustment."
 
 Id.
 
 at 283-84,
 
 341 S.E.2d at 769-70
 
 . The
 
 Philadelphus
 
 Court stated that the petitioners' reliance on
 
 Mize
 
 was misplaced because the
 
 Mize
 
 Court specifically noted the following:
 

 The language of [N.C. Gen. Stat. § ] 153A-345 requires only that any petition seeking review by the superior court be filed with the clerk of superior court within 30 days after the decision of the Board is filed or after a written copy has been delivered to every aggrieved party.
 
 The petitioners complied with all the express requirements of this vague statute
 
 by filing a petition in Mecklenburg County Superior Court within 30 days of the decision of the Board.
 

 Philadelphus Presbyterian Found., Inc.
 
 ,
 
 2014 WL 47325
 
 , at *5 (quoting
 
 Mize
 
 ,
 
 80 N.C.App. at 283
 
 ,
 
 341 S.E.2d at
 
 769 ) (emphasis added).
 

 The
 
 Philadelphus
 
 Court stated that "although the
 
 Mize
 
 petitioners failed to join a necessary party, they did comply with all of the statutorily prescribed prerequisites for the filing of a valid
 
 certiorari
 
 petition."
 

 Id.
 

 ;
 
 see
 

 Mize
 
 ,
 
 80 N.C.App. at 281
 
 ,
 
 341 S.E.2d at 768
 
 ("The statute[, N.C. Gen. Stat. § 153A-345,] does not set forth who is to be named as a respondent or defendant in a proceeding under its provisions."). In contrast, the
 
 *215
 

 Philadelphus
 
 petitioners "failed to comply with the additional statutory requirements for a valid certiorari petition spelled out in N.C. Gen. Stat. § 160A-393, a statutory section which was enacted over two decades after the issuance of our decision in
 
 Mize
 
 ."
 
 Philadelphus Presbyterian Found., Inc.
 
 ,
 
 2014 WL 47325
 
 , at *5. Accordingly, we stated: "[G]iven that the petitioners' failure to join a necessary party in
 
 Mize
 
 did not, unlike the failure to join a necessary party at issue here, constitute a jurisdictional defect,
 
 Mize
 
 provides no basis for an award of the relief which Petitioners seek in this case."
 

 Id.
 

 Nonetheless, here petitioners argue that our holding in
 
 MYC Klepper
 
 ,
 
 238 N.C.App. at 436-37
 
 ,
 
 767 S.E.2d at 671
 
 , is "dispositive of the question presented by the instant appeal[.]" In
 
 MYC Klepper
 
 , the petitioner, a billboard sign owner, filed a petition for writ of certiorari, seeking
 
 *355
 
 review of the City of Asheville Board of Adjustment's decision to uphold a notice of violation regarding a billboard sign it owned.
 
 Id.
 
 at 433-35,
 
 767 S.E.2d at 669-71
 
 . The petitioner named the "Board of Adjustment for the City of Asheville," not the "City of Asheville," as required by N.C. Gen. Stat. § 160A-393(e) ("The respondent named in the petition shall be the city whose decision-making board made the decision that is being appealed[.]").
 
 Id.
 
 at 436,
 
 767 S.E.2d at 671
 
 . On appeal, this Court stated that the "defect" amounted to a failure to join a necessary party, "the City was on notice of this action and participated in the defense thereof[,]" and "the City's participation in the proceedings cured the defect in the petition[.]"
 
 Id.
 
 at 436-37,
 
 767 S.E.2d at 671
 
 .
 

 The facts of
 
 MYC Klepper
 
 are distinguishable from the current facts. In that case, the issue involved a notice of violation, not the granting of a conditional-use permit, and the petitioner was the billboard sign owner, not an interested neighbor.
 
 Id.
 
 at 433-35,
 
 767 S.E.2d at 669-71
 
 . The
 
 MYC Klepper
 
 Court's holding did not address the statutory requirement that the applicant be named as a respondent when the petitioner is not the applicant.
 
 See
 
 N.C. Gen. Stat. § 160A-393(e).
 

 We note that in
 
 Darnell v. Town of Franklin
 
 ,
 
 131 N.C.App. 846
 
 , 849-50,
 
 508 S.E.2d 841
 
 , 844 (1998), a case decided before the enactment of N.C. Gen. Stat. § 160A-393, this Court held that the petitioner should have been allowed to amend her petition for writ of certiorari under Rule 15 in order to establish her status as an aggrieved party and to show that jurisdiction exists. The Court stated that "a pleading may not be amended so as to confer jurisdiction in a particular case stated; but there may be an amendment to show that the jurisdiction exists."
 

 Id.
 

 at 850
 
 ,
 
 508 S.E.2d at 844
 
 (citations omitted). We also note, though, that in
 
 Crossman v. Moore
 
 ,
 
 341 N.C. 185
 
 , 187,
 
 459 S.E.2d 715
 
 , 717 (1995), our Supreme Court interpreted Rule 15 and stated that it "speaks of claims and allows the relation back of claims if the original claim gives notice of the transactions or occurrences to be proved pursuant to the amended pleading. When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur." Thus, the Court held that Rule 15 "is not authority for the relation back of a claim against a new party."
 

 Id.
 

 Since then, this Court "has construed the
 
 Crossman
 
 decision to mean that Rule 15(c) is not authority for the relation back of claims against a new party, but
 
 may
 
 allow for the relation back of an amendment to correct a mere misnomer."
 
 Piland v. Hertford Cnty. Bd. of Comm'rs
 
 ,
 
 141 N.C.App. 293
 
 , 299,
 
 539 S.E.2d 669
 
 , 673 (2000).
 

 *356
 
 While
 
 Whitson
 
 and
 
 Philadelphus Presbyterian Foundation, Inc.
 
 are unpublished and, therefore, not binding,
 
 [2]
 
 we find their analyses persuasive and directly applicable here.
 
 See
 

 Henderson v. Cnty. of Onslow
 
 , --- N.C.App. ----, ----,
 
 782 S.E.2d 57
 
 , 60 (2016) (relying on and quoting
 
 Philadelphus Presbyterian Foundation, Inc.
 
 ,
 
 2014 WL 47325
 
 , at *6, for the proposition that "
 
 certiorari
 
 proceedings conducted pursuant to N.C. Gen. Stat. § 160A-393 ... bear a much greater resemblance to appellate proceedings than to ordinary civil actions"). Recently, the
 
 Henderson
 
 Court stated:
 

 *216
 
 A petition for certiorari is not an action for civil redress or relief as is a suit for damages or divorce; a petition for certiorari is simply a request for the court addressed to judicially review a particular decision of some inferior tribunal or government body.... [A] petition for certiorari is not the beginning of an action for relief....; in effect it is an appeal from a decision made by another body or tribunal. Certiorari was devised by the early common law courts as a substitute for appeal and it has been so employed in our jurisprudence since the earliest times.
 

 Henderson
 
 , --- N.C.App. at ----,
 
 782 S.E.2d at 61
 
 (quoting
 
 Little v. City of Locust
 
 ,
 
 83 N.C.App. 224
 
 , 226-27,
 
 349 S.E.2d 627
 
 , 629 (1986) ).
 

 According to well-established law, "an appeal is not a matter of absolute right, but the appellant must comply with the statutes and rules of Court as to the time and manner of taking and perfecting his appeal."
 
 Caudle v. Morris
 
 ,
 
 158 N.C. 594
 
 , 595,
 
 74 S.E. 98
 
 , 98 (1912) ;
 
 see also
 

 In re Halifax Paper Co.
 
 ,
 
 259 N.C. 589
 
 , 592,
 
 131 S.E.2d 441
 
 , 444 (1963) ("There is no inherent or inalienable right of appeal from an inferior court to a superior court or from a superior court to the Supreme Court.");
 
 Northfield Dev. Co. v. City of Burlington
 
 ,
 
 165 N.C.App. 885
 
 , 887,
 
 599 S.E.2d 921
 
 , 924 (2004) ("[A]venues of appeal are created by statute."). Moreover, "[c]ompliance with the requirements for entry of notice of appeal is jurisdictional."
 
 State v. Oates
 
 ,
 
 366 N.C. 264
 
 , 266,
 
 732 S.E.2d 571
 
 , 573 (2012) (citing
 
 Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.
 
 ,
 
 362 N.C. 191
 
 , 197-98,
 
 657 S.E.2d 361
 
 , 364-65 (2008) ) ("The appellant's compliance with the jurisdictional rules governing the taking of an appeal is the linchpin that connects the appellate division with the trial division and confers upon the appellate court the authority to act in a
 
 *357
 
 particular case."). Therefore, "a default precluding appellate review on the merits necessarily arises when the appealing party fails to complete all of the steps necessary to vest jurisdiction in the appellate court."
 
 Dogwood Dev. & Mgmt. Co.
 
 ,
 
 362 N.C. at 197
 
 ,
 
 657 S.E.2d at 364
 
 .
 

 Here, petitioners were not the applicant before the decision-making board whose decision was appealed. Therefore, under N.C. Gen. Stat. § 160A-393(e), petitioners were required to name the applicant as a respondent, which they failed to do. As this Court has previously stated, "[t]he real adverse party in interest is the party in whose favor the Zoning Board's decision has been made."
 
 Mize
 
 ,
 
 80 N.C.App. at 282-83
 
 ,
 
 341 S.E.2d at 769
 
 (noting that the zoning board was a necessary party because "the Board [was] the agency having custody of the record that [was] being reviewed"). In order to avoid the dilemmas our courts have previously faced in attempting to ascertain the required respondents in an appeal of a quasi-judicial decision,
 
 see, e.g
 
 .,
 
 id.
 
 at 281,
 
 341 S.E.2d at 768
 
 ("First we address whether the Zoning Board of Adjustment is a necessary party to a petition filed pursuant to G.S. 153A-345(e)."), our General Assembly specifically listed the required respondents in N.C. Gen. Stat. § 160A-393(e). Thus, when an applicant is granted a conditional-use permit and an outsider appeals the decision through a petition for writ of certiorari but does not include the applicant as a respondent in the appeal, the superior court is without jurisdiction to review the merits. Accordingly, the trial court correctly concluded that it lacked jurisdiction because petitioners did not properly perfect their appeal in accordance with N.C. Gen. Stat. § 160A-393. We do not reach respondent's alternative argument on standing.
 

 III. Conclusion
 

 The trial court did not err in dismissing the petition. We affirm.
 

 AFFIRMED.
 

 Judges ZACHARY and ENOCHS concur.
 

 [1]
 

 N.C. R. App. P. 10(c) (2016) provides:
 

 Without taking an appeal, an appellee may list proposed issues on appeal in the record on appeal based on any action or omission of the trial court that was properly preserved for appellate review and that deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken.
 

 [2]
 

 N.C. R. App. P. 30(e)(3) (2016) ("An unpublished decision of the North Carolina Court of Appeals does not constitute controlling legal authority.").