McCULLOUGH, Judge.
Joseph N. Bizzarro and Lorraine Bizzarro (together "petitioners") appeal from the trial court's order dismissing with prejudice their appeal in the nature of certiorari from the Ashe County Planning Board's (the "Board") decision to approve Horvath Communications, Inc.'s ("Horvath") application to construct a telecommunications tower. For the following reasons, we affirm.
I. Background
On 24 August 2015, petitioners filed a petition for writ of certiorari ("PWC") in Ashe County Superior Court seeking review of the Board's 30 July 2015 order approving Horvath's 23 April 2015 application to construct a telecommunications tower on a parcel of property adjacent to a parcel of property owned by petitioners. Petitioners named only the "County of Ashe" (the "County") as a respondent to the petition. The Ashe County Clerk of Superior Court filed a writ of certiorari on 26 August 2015. An affidavit of service filed by petitioners' counsel on 3 September 2015 shows that the summons, the petition, and the writ of certiorari were served on the County on 27 August 2015.
In response to petitioners' appeal, on 10 September 2015, Horvath filed the following contemporaneously: (1) a motion to intervene by right pursuant to N.C. Gen. Stat. § 160A-393 and Rule 24(a)(1) of the N.C. Rules of Civil Procedure ; (2) a response to the petition; and (3) a motion to dismiss the petition pursuant to N.C. Gen. Stat. § 160A-393(e) and (f), N.C. Gen. Stat. § 160A-388(e2)(2), and Rules 4(j) and 4(j6) of the N.C. Rules of Civil Procedure. In each of its filings, Horvath asserted that, as the applicant, it was a necessary party required by N.C. Gen. Stat. § 160A-393(e) to be named as a respondent.
Subsequent to Horvath's filings, on 22 September 2015, petitioners filed "Petitioners' Notice of Amendment By Right or, in the alternative, Motion For Leave to Amend Petition" and an amended petition for writ of certiorari including Horvath as a respondent. Also on 22 September 2015, the County filed the following contemporaneously: (1) a motion to dismiss the petition on the same grounds asserted by Horvath; (2) a response to the petition; and (3) a request to allow Horvath to intervene.
The Ashe County Clerk of Superior Court filed an amended writ of certiorari on 22 September 2015. An affidavit of service filed by petitioners' counsel on 20 October 2015 shows that the amended petition and the amended writ of certiorari were served on the County on 1 October 2015 and on Horvath on 5 October 2015.
All the motions came on for hearing in Ashe County Superior Court before the Honorable Jerry Cash Martin on 16 November 2015. On 3 December 2015, the court filed an order in which it permitted Horvath to intervene as a matter of right, accepted Horvath's response to the petition, and ordered that the caption be amended to reflect Horvath as a respondent. In the order, the court also allowed the County's and Horvath's motions to dismiss the appeal, explaining as follows:
[T]he Petitioners failed to name applicant Horvath Communications, Inc. as a respondent as required by N.C. Gen. Stat. § 160A-393(e), and within the time required by N.C. Gen. Stat. § 160-388(e2)(2). The Court therefore lacks subject matter jurisdiction over this appeal. The motions to dismiss must be allowed, and this action is dismissed with prejudice.
Petitioners filed notice of appeal on 16 December 2015.
II. Discussion
The sole issue raised by petitioners on appeal is whether the trial court erred in dismissing the appeal with prejudice for lack of subject matter jurisdiction. Yet, as an initial matter, we address respondents' contention that the appeal should be dismissed due to petitioners' violations of the North Carolina Rules of Appellate Procedure.
A. Appellate Rule Violations
Compliance with the appellate rules is mandatory and parties who fail to comply with the rules may forfeit their right to review on the merits. Dogwood Dev. and Mgmt. Co., LLC v. White Oak Transp. Co., Inc. , 362 N.C. 191, 194, 657 S.E.2d 361, 362-63 (2008). "[E]ven pro se appellants must adhere strictly to the Rules of Appellate Procedure...." Strauss v. Hunt , 140 N.C. App. 345, 348-49, 536 S.E.2d 636, 639 (2000). Yet, "noncompliance with the appellate rules does not, ipso facto, mandate dismissal of an appeal." Dogwood , 362 N.C. at 194, 657 S.E.2d at 363. In Dogwood , the Supreme Court classified various appellate rule violations into three principal categories and explained the significance of each type of violation. Violations of nonjurisdictional requirements, the category in which the violations in this case fall, must rise to the level of a substantial failure or a gross violation in order to be sanctionable. Id . at 199, 657 S.E.2d at 366. To determine whether a party's noncompliance with the appellate rules rises to the level of a substantial failure or gross violation, "the court may consider, among other factors, whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process. The court may also consider the number of rules violated...." Id . at 200, 657 S.E.2d at 366-67 (internal citation omitted). Even when the noncompliance does amount to a substantial failure or a gross violation, "only in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate." Id . at 200, 657 S.E.2d at 366.
In this case, respondents identify the following nonjurisdictional violations of the appellate rules by petitioners: the use of inflammatory language, reliance on information outside the record, misidentification of the trial judge granting dismissal, an argumentative statement of the facts that lacks citations to the record, and the failure to identify unpublished cases cited in the brief. Respondents contend these violations are gross violations warranting dismissal.
Upon review, it is evident petitioners have committed nonjurisdictional violations of the appellate rules. Those violations are evident without applying a hyper-technical or overly formalistic approach to the appellate rules, as petitioners retort respondents have done. Nevertheless, petitioners' violations do not frustrate this Court's review to the extent that they qualify as a substantial failure or gross violation; and they certainly do not rise to the level requiring dismissal. Therefore, recognizing this Court's strong preference to decide cases on their merits, we elect to address the merits of petitioners' appeal.
B. Failure to Name Applicant
Petitioners argue the trial court erred in dismissing the petition because the failure to name Horvath as a respondent did not deprive the trial court of subject matter jurisdiction. "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." McKoy v. McKoy , 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).
"Subject matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute." Harris v. Pembaur , 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). The statutes pertinent to petitioners' appeal from the Board's decision in this case provide as follows:
Every quasi-judicial decision shall be subject to review by the superior court by proceedings in the nature of certiorari pursuant to G.S. 160A-393. A petition for review shall be filed with the clerk of superior court by the later of 30 days after the decision is effective or after a written copy thereof is given in accordance with subdivision (1) of this subsection. When first-class mail is used to deliver notice, three days shall be added to the time to file the petition.
N.C. Gen. Stat. § 160A-388(e2)(2) (2015).
The respondent named in the petition shall be the city whose decision-making board made the decision that is being appealed, except that if the petitioner is a city that has filed a petition pursuant to subdivision (4) of subsection (d) of this section, then the respondent shall be the decision-making board. If the petitioner is not the applicant before the decision-making board whose decision is being appealed, the petitioner shall also name that applicant as a respondent. Any petitioner may name as a respondent any person with an ownership or leasehold interest in the property that is the subject of the decision being appealed who participated in the hearing, or was an applicant, before the decision-making board.
N.C. Gen. Stat. § 160A-393(e) (2015).
Petitioners acknowledge that N.C. Gen. Stat. § 160A-393(e) requires Horvath, the applicant, to be named as a respondent and that their former counsel failed to do so. Yet, petitioners contend the failure to do so does not deprive the trial court of subject matter jurisdiction because the statutes do not explicitly mandate that a petitioner name all necessary parties within the thirty day time limit for filing a petition for review. Petitioners assert the thirty day time limit applies only to the filing of a petition for review and, therefore, the trial court had subject matter jurisdiction and should have allowed their motion to amend the petition to add necessary parties. In support of their arguments, petitioners primarily rely on this Court's decision in MYC Klepper/Brandon Knolls L.L.C. v. Bd. of Adjustment for the City of Asheville , 238 N.C. App. 432, 767 S.E.2d 668 (2014), which petitioners claim the trial court erroneously ignored in favor of two unpublished decisions, Whitson v. Camden County Bd. of Comm'rs , 228 N.C. App. 361, 748 S.E.2d 775, COA12-1282 (2013) (unpub.), available at 2013 WL 3770664, and Philadelphus Presbyterian Found., Inc. v. Robeson Cnty. Bd. of Adjustment , 231 N.C. App. 714, 755 S.E.2d 258, COA13-777 (unpub.), available at 2014 WL 47325, disc. review denied , 367 N.C. 504, 758 S.E.2d 873 (2014).
Upon review, we are not convinced MYC Klepper is controlling in the present case. We are guided by this Court's recent decision in Hirschman v. Chatham Cnty. , --- N.C. App. ----, 792 S.E.2d 211 (2016).
In Hirschman , a company applied to the respondent, Chatham County, for a conditional-use permit ("CUP") to erect and operate a monopole telecommunications tower. Id . at ----, 792 S.E.2d at 212. After the county planning board recommended that the CUP be approved, the Chatham County Board of Commissioners ("BOC") granted the respondent the CUP. Id . at ----, 792 S.E.2d at 212. The petitioners, residents of Chatham County who live within plain view of the proposed tower, sought review of the BOC's decision to grant the CUP by filing a petition for writ of certiorari. Id . at ----, 792 S.E.2d at 212. After the trial court issued a writ of certiorari, the respondent filed a response and motion to dismiss. Among the bases for the motion to dismiss, the respondent claimed the trial court lacked jurisdiction because "the petition was deficient in that petitioners failed to name the applicant as a respondent as required by N.C. Gen. Stat. § 160A-393(e)." Id . at ----, 792 S.E.2d at 212. Despite the petitioners' attempts to add the applicant and other parties as respondents, the trial court granted the respondent's motion to dismiss and dismissed the petition with prejudice, concluding that
it lacked subject matter jurisdiction over the cause because the appeal was not properly perfected in accordance with N.C. Gen. Stat. § 160[A]-393(e) in that the [p]etitioners were not the applicants before the decision-making board whose decision is being appealed, and the [p]etitioners failed to name the applicants ... as respondents in their petition.
Id . at ----, 792 S.E.2d at 212 (internal quotation marks omitted). The petitioners then appealed to this Court arguing that "their failure to name the applicant as a respondent in the petition did not deprive the trial court of subject matter jurisdiction, relying exclusively on our holding in [MYC Klepper ][,]" id . at ----, 792 S.E.2d at 212-13, the same argument petitioners' assert in the present case.
After reviewing the above statutes governing review by a petition for writ of certiorari and the unpublished Whitson and Philadelphus cases, the Hirschman Court addressed the applicability of MYC Klepper and held it was not controlling. Id . at ----, 792 S.E.2d at 215. The Court explained as follows:
In MYC Klepper , the petitioner, a billboard sign owner, filed a petition for writ of certiorari, seeking review of the City of Asheville Board of Adjustment's decision to uphold a notice of violation regarding a billboard sign it owned. The petitioner named the "Board of Adjustment for the City of Asheville," not the "City of Asheville," as required by N.C. Gen. Stat. § 160A-393(e) ("The respondent named in the petition shall be the city whose decision-making board made the decision that is being appealed[.]"). On appeal, this Court stated that the "defect" amounted to a failure to join a necessary party, "the City was on notice of this action and participated in the defense thereof[,]" and "the City's participation in the proceedings cured the defect in the petition[.]"
The facts of MYC Klepper are distinguishable from the current facts. In that case, the issue involved a notice of violation, not the granting of a conditional-use permit, and the petitioner was the billboard sign owner, not an interested neighbor. The MYC Klepper Court's holding did not address the statutory requirement that the applicant be named as a respondent when the petitioner is not the applicant.
Id . at ----, 792 S.E.2d at 215 (internal citations omitted).
The Hirschman Court then went on to address the amendment of a petition and whether the failure to name an applicant, as required by N.C. Gen. Stat. § 160A-393(e), deprived the trial court of jurisdiction.
Concerning the amendment of a petition, the Court noted that "a pleading may not be amended so as to confer jurisdiction in a particular case stated; but there may be an amendment to show that the jurisdiction exists." Id . at ----, 792 S.E.2d at 215 (quotation marks and citation omitted). The Court also noted that it has held that "Rule 15(c) is not authority for the relation back of claims against a new party, but may allow for the relation back of an amendment to correct a mere misnomer." Id . at ----, 792 S.E.2d at 215 (quotation marks, emphasis, and citation omitted).
Concerning jurisdiction, the Court was persuaded by the analysis in Whitson and Philadelphus to hold that the failure to name an applicant as a respondent to the petition was a jurisdictional default. Id . at ----, 792 S.E.2d at 215. In so holding, the Court explained as follows:
[A] petition for certiorari is not the beginning of an action for relief ...; in effect it is an appeal from a decision made by another body or tribunal....
According to well-established law, an appeal is not a matter of absolute right, but the appellant must comply with the statutes and rules of Court as to the time and manner of taking and perfecting his appeal. Moreover, compliance with the requirements for entry of notice of appeal is jurisdictional. Therefore, a default precluding appellate review on the merits necessarily arises when the appealing party fails to complete all of the steps necessary to vest jurisdiction in the appellate court.
Here, petitioners were not the applicant before the decision-making board whose decision was appealed. Therefore, under N.C. Gen. Stat. § 160A-393(e), petitioners were required to name the applicant as a respondent, which they failed to do. As this Court has previously stated, the real adverse party in interest is the party in whose favor the Zoning Board's decision has been made. In order to avoid the dilemmas our courts have previously faced in attempting to ascertain the required respondents in an appeal of a quasi-judicial decision, our General Assembly specifically listed the required respondents in N.C. Gen. Stat. § 160A-393(e). Thus, when an applicant is granted a conditional-use permit and an outsider appeals the decision through a petition for writ of certiorari but does not include the applicant as a respondent in the appeal, the superior court is without jurisdiction to review the merits. Accordingly, the trial court correctly concluded that it lacked jurisdiction because petitioners did not properly perfect their appeal in accordance with N.C. Gen. Stat. § 160A-393....
Id . at ----, 792 S.E.2d at 216 (internal citations, alterations, and quotation marks omitted).
We are both persuaded by the analysis in Hirschman and bound by its holding. See In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Thus, we hold the trial court did not err in dismissing petitioners' petition with prejudice for lack of subject matter jurisdiction where petitioners failed to name the applicant as a respondent as required by N.C. Gen. Stat. § 160A-393(e).
III. Conclusion
For the reasons discussed above, the trial court did not err in dismissing the petition with prejudice.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, Jr., and DIETZ concur.