927 So.2d 762 (2006)
The ESTATE OF Vader I. PERRY by and through Betty RAYBURN, Administratrix of the Estate of Vader I. Perry, for the Benefit of the Estate of Vader I. Perry, and for the use and benefit of the wrongful death beneficiaries of Vader I. Perry, Appellant
v.
MARINER HEALTH CARE, INC. f/k/a Mariner Post-Acute Network, Inc.; National Heritage Realty, Inc.; Grancare, Inc.; and Evergreen Healthcare, Inc., Appellees.
No. 2004-CA-00810-COA.
Court of Appeals of Mississippi.
January 10, 2006.
Rehearing Denied May 2, 2006.
*764 Kenneth Luke Connor, Brian Lee Thompson, E.B. Chiles, Richard Eric Circeo, attorneys for appellant.
Denise Wesley, Jackson, L. Carl Hagwood, Greenville, Michael O. Gwin, Jackson, J. Collins Wohner, Senith C. Tipton,Jackson, William W. McKinley, attorneys for appellees.
EN BANC.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On November 30, 1999, Vader Perry, a seventy-four year old woman, was admitted to the Grenada Health and Rehabilitation Center (nursing home) by her physician for rehabilitation services after a hospitalization. Perry arrived at the nursing home in poor health and, on February 27, 2000, she passed away.
¶ 2. On November 30, 2001, Perry's estate, by and through her daughter, Betty Rayburn, administratrix of Perry's estate, for the use and benefit of the estate of Perry, and for the use and benefit of the wrongful death beneficiaries of Perry, filed a complaint in the Grenada County Circuit Court against Mariner Health Care, Inc. (formerly known as Mariner Post-Acute Network, Inc.); National Heritage Realty, Inc.; Grancare, Inc.; Evergreen Healthcare, Inc.; J.D. Lee; and Delores Goode. Rayburn's complaint alleged negligence, medical malpractice, gross negligence, fraud and breach of fiduciary duty. Rayburn also pleaded claims for wrongful death and survival and requested compensatory and punitive damages.
¶ 3. Prior to trial, Goode filed a motion to dismiss. The trial court granted Goode's motion to dismiss on June 27, 2003, but gave Rayburn thirty days to amend her complaint against Goode to assert with specificity any allegations of individual wrongdoing by Goode. According to the record, Rayburn never filed an amended complaint.
¶ 4. In January 2000, Mariner Post-Acute Network, Inc., filed for Chapter 11 bankruptcy protection. In April 2002, an order was entered by the bankruptcy court confirming Mariner's reorganization plan. Incorporated in the order was a stipulation exempting certain actions from the bankruptcy court's discharge. One action exempted *765 from the discharge was styled, "The Estate of Vader I. Perry by and through Betty Rayburn, Administratrix."
¶ 5. Prior to trial, Mariner filed a motion in limine to bar Rayburn from pursuing the wrongful death claim, arguing that because the wrongful death beneficiaries were not mentioned in the bankruptcy stipulation, their claims were discharged. The trial court agreed and precluded Rayburn's wrongful death claim on behalf of the wrongful death beneficiaries.
¶ 6. On December 18, 2003, after a trial on the merits, the jury returned a verdict for Mariner. The trial court subsequently ordered Rayburn's claim be dismissed with prejudice. Rayburn then filed a motion for a new trial or, in the alternative, for judgment notwithstanding the verdict. The trial court denied the motion and Rayburn appealed to this Court. On appeal, Rayburn argues the following: (1) the trial court erred in granting Goode's Rule 12(b)(6) motion to dismiss; (2) the trial court erroneously instructed the jury on the standard for negligence; (3) the trial court erred in dismissing Rayburn's wrongful death claim; (4) the trial court improperly shifted the burden of proof on spoliation to Rayburn and erred by not instructing the jury on Mariner's failure to produce portions of Perry's nursing home care plan; and (5) the trial court abused its discretion in admitting evidence regarding Perry's past drug and alcohol abuse and evidence suggesting that Rayburn stole Social Security funds.

DISCUSSION

I. DID THE TRIAL COURT ERR IN GRANTING GOODE'S RULE 12(B)(6) MOTION TO DISMISS?
¶ 7. In her first issue on appeal, Rayburn argues that the trial court erred in dismissing her claims against Goode. This Court employs a de novo standard of review in determining whether a lower court erred in granting or denying a motion to dismiss. Cook v. Brown, 909 So.2d 1075, 1078(¶ 8) (Miss.2005). We note, however, that Rayburn had the opportunity to amend her complaint against Goode in order to, according to the trial court, "assert with specificity any allegations of individual wrongdoing by the administrator Defendant that would result in personal liability." Rayburn failed to file an amended complaint even though she had ample opportunity to do so. We fail to find any merit with this issue as Rayburn had the opportunity, prior to trial, to dispose of this matter, either through amending her complaint or even filing an interlocutory appeal. Upon review of the record, we can find no error in the trial court's ruling.
¶ 8. Mariner argues correctly that Rayburn also failed to include Goode's name on her notice of appeal. According to Mississippi Rule of Appellate Procedure 3(c), "[t]he notice of appeal shall specify the party or parties taking the appeal and the party or parties against whom the appeal is taken, and shall designate as a whole or in part the judgment or order appealed from." Pursuant to Rule 3(c), our review is limited to those parties named in an appellant's notice of appeal.

II. DID THE TRIAL COURT ERRONEOUSLY INSTRUCT THE JURY ON THE STANDARD FOR NEGLIGENCE?
¶ 9. In her second issue on appeal, Rayburn argues that the trial court erroneously instructed the jury on the standard for negligence. Our standard of review for jury instructions is as follows:
[T]he instructions are to be read together as a whole, with no one instruction to be read alone or taken out of context. A defendant is entitled to have jury instructions *766 given which present his theory of the case. However, the trial judge may also properly refuse the instructions if he finds them to incorrectly state the law or to repeat a theory fairly covered in another instruction or to be without proper foundation in the evidence of the case.
Howell v. State, 860 So.2d 704, 761 (¶ 203) (Miss.2003). Where a party fails to make a contemporaneous objection to a proposed jury instruction so that the trial court has an opportunity to cure the defect, we are procedurally barred from considering arguments that the trial court erred in submitting the instruction. Haggerty v. Foster, 838 So.2d 948, 954(¶ 8) (Miss.2002). Thus, failure to object constitutes a waiver of that assertion on appeal. Id.
¶ 10. In her argument on this issue, Rayburn asserts numerous objections to jury instruction 2, which states as follows:
Negligence on the part of the nursing home would be the failure, if any, of its staff to possess and exercise that degree of care, diligence, and skill as is ordinarily possessed and exercised by minimally competent and reasonably diligent, skillful, careful and prudent staff of nursing homes throughout the United States, who have available to them the same general facilities, services, equipment and options as were available at Grenada Health & Rehabilitation Center in Grenada, Mississippi during the period in question.
A nursing home charged with negligence in the care and treatment of its resident may not be judged by hindsight. Defendant may be held liable for care and treatment rendered to the Plaintiff only if the judgment that its employees exercised under the existing circumstances fell below the minimally accepted level of care for the staff in a nursing home.
Unless you believe from a preponderance or greater weight of the evidence that the Plaintiff has proven that Defendant's staff failed to exercise such standard of reasonable and ordinary care, skill and diligence as minimally competent nursing home staff would ordinarily exercise in such cases and that such failure, if any, proximately caused an injury to Vader Perry, then your verdict must be for the Defendant.
However, the only contemporaneous objection on the record made by Rayburn concerns Rayburn's claim that the professional malpractice standard was improper because the trial court had dismissed the medical malpractice claim prior to trial. We are not persuaded by her argument as standard of care instructions have been approved in comparable cases. See McMillan v. King, 557 So.2d 519, 522 (Miss.1990). Furthermore, during trial, Rayburn questioned a number of witnesses on the nursing home's standard of care. Taken as a whole, we find that the instructions fairly announce the law of the case; thus, we find no merit to this issue.

III. DID THE TRIAL COURT ERR IN DISMISSING RAYBURN'S WRONGFUL DEATH CLAIM?
¶ 11. In her third issue on appeal, Rayburn argues that the trial court erred in dismissing her wrongful death claim. Specifically, Rayburn's sole and brief contention is that she, as the personal representative, is entitled to pursue the wrongful death claim and that she was expressly named in the bankruptcy stipulation. This contention is true as the wrongful death statute specifically states that the action may be brought in the name of the personal representative "for the benefit of all persons entitled under the law to recover." See Miss.Code Ann. § 11-7-13 (Rev.2004). *767 However, the crux of the issue concerns the stipulation which Rayburn's attorneys entered into on behalf of a number of their tort claimants. The stipulation only excepts "The Estate of Vader I. Perry by and through Betty Rayburn, Administratrix" from the effect of the bankruptcy proceeding. Nowhere in this stipulation is an exception "for the use and benefit of the wrongful death beneficiaries of Vader I. Perry." We note that a number of the other stipulations in the bankruptcy order include claims specifically stating that they were brought for the use and benefit of the wrongful death beneficiaries, or other language to that effect.
¶ 12. During the hearing on the motion in limine concerning this stipulation the trial court found that the wrongful death beneficiaries were not named in the stipulation. The trial court stated, "In my view, if the wrongful death beneficiaries had been intended to be included in this stipulation, they would have been. And for whatever reason, they were not. And again, I take note of the fact that there were plenty of other cases in [the stipulation] where the wrongful death beneficiaries were included. And this is one of those cases where they were not...." In fact, at one point the trial court paraphrased Mariner's argument that there was no exception made in the bankruptcy court for the wrongful death beneficiaries, to which Rayburn's attorney responded, "Well, that's understood, Judge. And I agree that that was the case." We can find no error; thus, this issue is without merit.

IV. DID THE TRIAL COURT ERR IN SHIFTING THE BURDEN OF PROOF ON SPOLIATION TO RAYBURN?
¶ 13. In her fourth issue on appeal, Rayburn argues that the trial court erred in shifting the burden of proof on spoliation to her and in not instructing the jury on Mariner's failure to produce portions of Perry's nursing home care plan. Rayburn contends that the specific portion of the care plan not produced at trial addressed the treatment of pressure sores. We first note that Rayburn did not offer a spoliation instruction for the trial court to review, rather she asked the trial court, only after all the jury instructions were ruled upon, to issue an instruction. Furthermore, it is unclear from Rayburn's brief what specific pages are missing from the documents. Rayburn implies that because the care plan concerning the treatment of pressures sores was missing, then we can infer that Mariner failed to treat her pressure sores properly, if at all. However, according to the record, that is clearly not the case.
¶ 14. In Stahl v. Wal-Mart Stores, Inc., the court held that "in the absence of bad faithi.e., evidence of culpability on the part of the spoliatorthen there can be no adverse influence or presumption... even when there is prejudice to the innocent party." Stahl v. Wal-Mart Stores, Inc., 47 F.Supp.2d 783, 787 n. 3 (S.D.Miss.1998). The supreme court has further held that "it is a general rule that the intentional spoliation or destruction of evidence relevant to a case raises a presumption, or, more properly, an inference, that this evidence would have been unfavorable to the case of the spoliator." Tolbert v. State, 511 So.2d 1368, 1372-73 (Miss.1987) (quoting Washington v. State, 478 So.2d 1028, 1032-33 (Miss.1985)). "Such a presumption or inference arises, however, only when the spoliation or destruction was intentional and indicates fraud and a desire to suppress the truth, and it does not rise where the destruction was a matter of routine with no fraudulent intent." Id.
*768 ¶ 15. After listening to both sides argue the spoliation issue, the trial court stated the following: "I'm of the opinion there's not been any showing that there was any misconduct or intent or fraudulent designs on the part of the nursing home or Grenada Health and Rehab to dispose of these records or intentionally lose them or do anything of that nature. And I'm going to deny any motionany instruction or a motion to instruct the jury on the spoliation." As Rayburn's issue concerning spoliation was first presented to the trial court as a discovery motion which the court delayed ruling upon, the proper standard of review is abuse of discretion. Cole ex rel. Cole v. Buckner, 819 So.2d 527, 530(¶ 6) (Miss.2002). We can find no abuse of discretion in the trial court's determination; thus, this issue is without merit.

V. DID THE TRIAL COURT ABUSE ITS DISCRETION IN ADMITTING EVIDENCE REGARDING PERRY'S PAST DRUG AND ALCOHOL ABUSE AND EVIDENCE SUGGESTING THAT RAYBURN STOLE SOCIAL SECURITY FUNDS?
¶ 16. In her final issue on appeal, Rayburn argues that the trial court abused its discretion in admitting evidence regarding Perry's past drug and alcohol abuse and evidence suggesting that Rayburn stole Social Security funds. This Court employs an abuse of discretion standard in reviewing a lower court's admission or exclusion of evidence. Tatum v. Barrentine, 797 So.2d 223, 230(¶ 12) (Miss.2001).
¶ 17. In determining whether to allow evidence of Perry's past drug and alcohol abuse, the trial court found that her past medical history was relevant to her treatment at the nursing home. Furthermore, Rayburn testified as to Perry's past medical history on direct examination and her past drug and alcohol abuse on cross-examination without any further objection. We cannot find that the trial court abused its discretion in allowing testimony of Perry's past medical history; thus this issue is without merit.
¶ 18. In regards to whether the trial court allowed evidence suggesting that Rayburn stole Social Security funds, the record fails to support this contention; thus, this issue is without merit.
¶ 19. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.