# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CA-00735-SCT

*THEODORE LONGO, AMY LONGO, JOSEPH LEE, SUSAN LEE, GERALD SONNIER, AMY DAVIS, AND 920 SOUTH BEACH BLVD., LLC*

*v.*

*CITY OF WAVELAND, MISSISSIPPI AND BEACH WALK DEVELOPMENT, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/16/2021 |
| TRIAL JUDGE: | HON. RANDI PERESICH MUELLER |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | VIRGIL G. GILLESPIE |
| ATTORNEYS FOR APPELLEES: | MALCOLM F. JONES |
| | MATTHEW W. McDADE |
| | JAMES E. LAMBERT, III |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 10/20/2022 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2021-CA-00923-SCT

*920 SOUTH BEACH BLVD., LLC*

*v.*

*THE CITY OF BAY SAINT LOUIS, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 7/27/2021 |
| TRIAL JUDGE: | RANDI PERESICH MUELLER |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GARY M. YARBOROUGH, JR. |

ATTORNEYS FOR APPELLEES:      AMANDA J. TOLLISON
                                    HEATHER LADNER SMITH
                                    CAROLINE B. SMITH

NATURE OF THE CASE:          CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                REVERSED AND REMANDED - 10/20/2022
MOTION FOR REHEARING FILED:

**EN BANC.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT**:

¶1.     This matter comes before this Court as a consolidation of two cases on appeal, both from the Circuit Court of Hancock County. In each case, the circuit court found that it lacked jurisdiction due to a defect in the notice of appeal pursuant to Mississippi Code Section 11-51-75(a)(i) (Rev. 2019). The circuit court dismissed both cases. The statute does require that a petitioner before a local governing authority be made a party to an appeal of the authority's decision. But naming petitioners as appellees in the notice of appeal is procedural. M.R.A.P. 3(c). Therefore, a notice of appeal that is filed on time but erroneously omits a petitioner's name does not defeat the circuit court's jurisdiction, and the error may be corrected. The omission "is ground only for such action as the [appellate court] deems appropriate, which may include dismissal of the appeal." M.R.A.P. 3(a). Finding that a defect in the contents of the notice of appeal is a procedural rather than a jurisdictional error, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.     This section will detail separately the facts and procedural history of each case.

### I.     *Longo v. City of Waveland.*

¶3.     Beach Walk Development, LLC, filed applications with the City of Waveland's Planning and Zoning Commission requesting conditional use and preliminary plat approval

2

for a nineteen-lot residential planned development on six acres of land near North Beach Boulevard. The Commission recommended that the City of Waveland approve the applications. On February 17, 2021, the Waveland Board of Aldermen approved the applications. On February 23, 2021, several individuals who objected to the applications' approval, including Longo (collectively, "Longo"), filed in circuit court a notice of appeal of Waveland's decision pursuant to Section 11-51-75. The notice of appeal named the City of Waveland as an appellee, but it did not name Beach Walk.

¶4. On March 22, 2021, Beach Walk filed a motion to intervene and to dismiss the appeal, arguing that the circuit court lacked subject matter jurisdiction over the appeal due to Longo's failure to comply with the statutory requirement that the notice of appeal name as an appellee anyone who was a petitioner before the City of Waveland. The next day, Longo filed an amended notice of appeal that named Beach Walk as an appellee. Beach Walk was served with the amended notice of appeal. The amended notice of appeal was filed outside the ten-day period for taking an appeal. Miss. Code Ann. § 11-51-75. Beach Walk moved to strike the amended notice of appeal.

¶5. Following a hearing that was not made a part of the record before this Court, the circuit court entered a judgment dismissing the appeal for lack of jurisdiction, finding that Longo's omission of Beach Walk rendered its notice of appeal fatally defective. The circuit court found that, because Section 11-51-75(a)(i) provides that an appellant "shall" name a petitioner in the notice of appeal when applicable, the requirement is mandatory and jurisdictional. The circuit court found that the statutory requirement is analogous to two

3

situations: (1) the rule that, if all interested persons are not joined in a will contest, then the chancery court lacks jurisdiction and (2) that the failure to post a statutorily required appeal bond deprives the appellate court of jurisdiction. On June 23, 2021, Longo filed this appeal.

## II.    *920 South Beach Blvd., LLC v. City of Bay Saint Louis*

¶6.    On September 3, 2019, the City Council of Bay Saint Louis granted Scott Ballard, William Ward & Kyle Kent, LLC (SWK), preliminary plat approval for the development of a subdivision at 928 South Beach Boulevard. 920 South Beach Blvd., LLC (920 South Beach), is a neighboring property owner that strongly objected to the development. On September 11, 2019, 920 South Beach, timely appealed the decision of the City of Bay Saint Louis to grant preliminary plat approval through the filing of a notice of appeal in the circuit court pursuant to Mississippi Code Section 11-51-75. Although required by statute, 920 South Beach did not name SWK as a party to the appeal. *See* Miss. Code Ann. § 11-51-75(a)(i). Pursuant to Mississippi Rule of Civil Procedure 62, 920 South Beach also filed a motion for stay requesting that the City of Bay Saint Louis be prohibited from issuing a preliminary plat permit or any other approval pending the appeal. Over the course of the following months, the parties participated in briefing and oral arguments pursuant to Section 11-51-75.

¶7.    On July 18, 2020, the circuit court requested letter briefing regarding the court's jurisdiction over the appeal due to SWK's not being joined as a party. On June 30, 2021, 920 South Beach and the City of Bay Saint Louis submitted their letter briefs. Additionally, 920 South Beach filed a motion to add SWK as a party under Mississippi Rule of Civil Procedure

4

19. On July 1, 2021, SWK filed a motion to intervene and dismiss the notice of appeal due to the failure of 920 South Beach to name SWK as a party. On July 7, 2021, the City of Bay Saint Louis filed its response to oppose 920 South Beach's motion to add SWK. Without ruling on any of the pending motions, the circuit court entered a judgment on July 26, 2021, finding that it lacked "jurisdiction over the appeal because SWK, LLC was not named as an appellee as required by Miss. Code Ann. § 11-51-75." On August 5, 2021, the same circuit court dismissed the appeal in *Longo v. City of Waveland*, No. 2021-CA-00735-SCT. South Beach filed this appeal.

## STANDARD OF REVIEW

¶8.     This Court applies *de novo* review to jurisdictional issues. *Fitch v. Wine Express Inc.*, 297 So. 3d 224, 228 (Miss. 2020). Matters of statutory interpretation are also reviewed *de novo*. *Am. Tower Asset Sub, LLC v. Marshall Cnty.*, 324 So. 3d 300, 302 (Miss. 2021) (citing *Chandler v. McKee*, 202 So. 3d 1269, 1271 (Miss. 2016)).

## DISCUSSION

¶9.     This appeal asks the Court to determine whether, under Section 11-51-71(a)(i), a notice of appeal must name a party who was a petitioner before the local governing authority in order to confer jurisdiction upon the circuit court. Section 11-51-75 was amended effective July 1, 2018, to provide that an appeal is initiated by the filing of a notice of appeal rather than by a bill of exceptions. Therefore, this issue is a matter of first impression for this Court. Below is the entirety of Section 11-51-75 with the pertinent language emphasized:

> Any person aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality, may appeal the

judgment or decision to the circuit court of the county in which the board of supervisors is the governing body or in which the municipality is located. A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which session of the board of supervisors or the governing authority of the municipality rendered the judgment or decision. Upon filing, a copy of the notice of appeal must be delivered to the president of the board of supervisors or to the mayor or city clerk of the municipality and, if applicable, to any party who was a petitioner before the board of supervisors or the governing authority of the municipality.

*(a) The notice of appeal filed in the circuit court with the circuit clerk shall contain the following:*

  (i)   The name of the county board of supervisors or the name of the municipality as the appellee. *If applicable, any party who was a petitioner before the board of supervisors or the governing authority of the municipality shall be named as an appellee.*

  (ii)  A succinct statement of the reasons, or grounds, for the appeal.

  (iii) A written description or designation of record which includes all matters that the appellant desires to be made part of the record.

  (iv)  Appellant must also deliver a copy of the notice of appeal and a written designation of the record, along with a list of all documents or transcripts in appellant's possession, to the clerk of the board of supervisors or to the clerk of the municipality.

(b)   An appellee has ten (10) days from the filing of the notice of appeal with the circuit clerk to designate any other items or matters that appellee believes should be included in the designated record.

(c)   The clerk of the board of supervisors or the municipal clerk must assemble a complete record of the proceedings to include all writings, matters, items, documents, plats, maps and transcripts of proceedings that were part of the record and deliver the complete record to the circuit clerk within thirty (30) days after the filing of the notice of appeal with the circuit clerk. The clerk of the board of supervisors or

6

the municipal clerk shall certify that the record is accurate and complete and contains all writings, matters, items, documents, plats, maps and transcripts of proceedings designated by appellant and appellee in their designations of record.

(d) The circuit court, as an appellate court, either in term time or in vacation, shall hear and determine the same on the record and shall affirm or reverse the judgment. The circuit court shall enter an order establishing a briefing schedule and a hearing date, if any, for the parties to appear and present oral argument. If the judgment is reversed, the circuit court shall render such judgment or decision as the board of supervisors or the governing authority of the municipality ought to have rendered, and certify the same to the board of supervisors or the governing authority of the municipality. Costs shall be awarded as in other cases.

(e) No appeal to the circuit court shall be taken from any order of the board of supervisors or the governing authority of the municipality which authorizes the issuance or sale of bonds, but all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court, in accordance with the provisions of Sections 31-13-5 through 31-13-11. And all rights of the parties shall be preserved and not foreclosed, for the hearing before the chancery court, or the chancellor in vacation.

Miss. Code Ann. § 11-51-75 (Rev. 2019) (emphasis added).

¶10. When determining the meaning of a statute, the Court's "goal is to give effect to the intent of the Legislature." *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011) (citing *City of Natchez v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992)). "The function of the Court is not to decide what a statute should provide, but to determine what it does provide." *Id.* (citing *Russell v. State*, 231 Miss. 176, 94 So. 2d 916, 917 (1957)). "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." *Hall v. State*, 241 So. 3d 629, 631 (Miss. 2018) (internal quotation marks omitted) (quoting *Lawson*, 75 So. 3d at

1027). "But if the statute is ambiguous or silent on a specific issue, statutory interpretation is appropriate, and the Court must 'ascertain the intent of the legislature from the statute as a whole and from the language used therein.'" *Am. Tower*, 324 So. 3d at 302 (quoting *BancorpSouth Bank v. Duckett (In re Guardianship of Duckett)*, 991 So. 2d 1165, 1181-82 (Miss. 2008)).

¶11.   The statute's plain language provides that a notice of appeal "shall" name as an appellee any petitioner who was before the local governing authority. Miss. Code Ann. § 11-51-75(a)(i). This Court has held that, when interpreting statutes, "the word 'shall' is a *mandatory* directive." *Ivy v. Harrington*, 644 So. 2d 1218, 1221 (Miss. 1994) (citing *Am. Sand & Gravel Co. v. Tatum*, 620 So. 2d 557, 563 (Miss. 1993)). Therefore, no doubt exists that the statute requires that a petitioner before the local governing authority be made a party to the appeal. The question is whether an appellant's failure to name a petitioner in a notice of appeal filed within ten days deprives the circuit court of jurisdiction.

¶12.   Section 11-51-75 requires that a petitioner before a local governing authority be made a party to an appeal of a decision of that authority. Miss. Code Ann. § 11-51-75(a)(i). Under our appellate rules, naming petitioners as appellees in the notice of appeal is a procedural function. M.R.A.P. 3(c). Applying our Rules of Appellate Procedure to a circuit court sitting as an appellate court, we conclude that a notice of appeal that is filed on time but that erroneously omits a petitioner's name does not defeat the circuit court's jurisdiction, and the omission may be corrected.

¶13.   Under the Mississippi Constitution, the legislature sets the appellate jurisdiction of

8

the circuit courts. Miss. Const. art. 6, § 156 ("The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law."). Conversely, the Constitution "vests in this Court the 'inherent power to . . . promulgate procedural rules . . . .'" *5K Farms, Inc. v. Miss. Dep't of Revenue*, 94 So. 3d 221, 227 (Miss. 2012) (alterations in original) (quoting *Newell*, 308 So. 2d at 76); Miss. Const. art 1, §§ 1, 2; art. 6, § 144. "The inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts." *Newell v. State*, 308 So. 2d 71, 76 (Miss. 1975) (citing *Matthews v. State*, 288 So. 2d 714 (Miss. 1974)) .

¶14. This Court's constitutional authority to promulgate rules of procedure does not supersede jurisdictional requirements set by statute. *Belmont Holding, LLC v. Davis Monuments, LLC*, 253 So. 3d 323, 326 (Miss. 2018). This Court has defined jurisdiction as "a 'court's power to decide a case or issue a decree.'" *City of Jackson v. Allen*, 242 So. 3d 8, 21 (Miss. 2018) (quoting *Jurisdiction*, Black's Law Dictionary (10th ed. 2014)), *superseded by statute on other grounds as noted in* **Bd. of Supervisors of Jackson Cnty. v. Qualite Sports Lighting, LLC**, 337 So. 3d 1040 (Miss. 2022). It is well established that statutory appeal bonds are jurisdictional. *Belmont Holding*, 253 So. 3d at 326 (quoting *5K Farms*, 94 So. 3d at 227).

¶15. The legislature is empowered to set other kinds of requirements for lawsuits. The legislature can establish pre-suit requirements as a condition precedent to filing certain types

9

of civil suits. *Id.* at 328 n.4 (quoting *Wimley v. Reid*, 991 So. 2d 135, 139 (Miss. 2008)). The Court has held that pre-suit requirements "do not encroach upon this Court's rule-making responsibility." *Wimley*, 991 So. 2d at 139. Further, the legislature is empowered to determine the proper parties to a statutory appeal. *City of Jackson v. United Water Servs., Inc.*, 47 So. 3d 1160, 1162 (Miss. 2010).

¶16.   Section 11-51-75(a)(i) does not provide that naming the petitioner in the notice of appeal is jurisdictional. We addressed the 2018 amendment for the first time in *American Tower*, 324 So. 3d 300, in which we established that not all of the amended statute's requirements for an appeal are jurisdictional. In *American Tower*, the Marshall County Board of Supervisors approved Tillman Infrastructure LLC's application for a special exception allowing it to construct a wireless telecommunications tower in an agricultural zone. *Am. Tower*, 324 So. 3d at 301. American Tower, which had objected to the special exception, filed a timely notice of appeal in circuit court and, the same day, transmitted a copy of the notice of appeal to the clerk of the board of supervisors. *Id.* The next month, the board clerk gave the notice of appeal to the board president and the other members of the board. *Id.* Marshall County moved to dismiss the appeal, arguing that the circuit court lacked jurisdiction because American Tower had not given notice to the president of the board of supervisors as required by Section 11-51-75. *Id.* The circuit court dismissed the appeal with prejudice, and American Tower appealed. *Id.* at 302.

¶17.   This Court recognized that the amendment to Section 11-51-75 changed the mechanism for appealing decisions of local governing authorities. *Id.* at 302-03. We noted

10

that, under the prior statute, we consistently had held that the ten-day time limit for taking an appeal was "mandatory and jurisdictional[.]" *Id.* at 302 n.2 (quoting *Seyfarth v. Adams Cnty. Bd. of Supervisors*, 267 So. 3d 767, 771 (Miss. 2019), *superseded by statute as recognized in Am. Tower*, 324 So. 3d at 302 n.2). The 2018 amendment removed the requirement that an appeal proceed via a bill of exceptions filed within ten days. *Id.* at 302 n.2. Now, "A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which session of the . . . governing authority of the municipality rendered the judgment or decision." Miss. Code Ann. § 11-51-75. The amendment preserved the ten-day time limit for taking an appeal; but it changed the mechanism for filing an appeal from a bill of exceptions to a notice of appeal.

¶18.    We found that "[t]he use of the term 'notice of appeal' is consistent with the procedures to initiate an appeal under Mississippi Rule of Appellate Procedure 3(a) and Uniform Rule of Circuit and County Court Practice 5.04." *Am. Tower*, 324 So. 3d at 303 n.3. And "[u]nder th[o]se rules, the filing of the notice of appeal is the jurisdictional action that initiates the appeal." *Id.* The requirement of a notice of appeal, which "grants appellate jurisdiction in the circuit court," "is consistent with current appellate procedure in the Mississippi Rules of Appellate Procedure." *Id.* at 304. We further noted that Rule 2(a) of the Mississippi Rules of Appellate Procedure "mandates dismissal only when the notice of appeal is not filed timely." *Id.*

¶19.    We found that American Tower had filed a timely notice of appeal that complied with all requirements of Section 11-51-75(a)(i)-(iv). *Id.* at 303. The statutory requirement that the

notice of appeal be delivered to the president of the board of supervisors specified neither the method of service or delivery nor a time limit. *Id.* at 304. "[I]t is the notice of appeal that initiates the appeal and starts the time period running for the preparation and filing of the record[;]" and, "[u]nder Section 11-51-75, as revised, it is the filing of the notice of appeal that establishes appellate jurisdiction in the circuit court." *Id.* at 305. Therefore, the defect in service of the president of the board of supervisors was "procedural and [could] be remedied." *Id.* Accordingly, we reversed the circuit court's dismissal of the appeal and remanded for further proceedings. *Id.*

¶20. *American Tower* emphasized that it is the filing of a timely notice of appeal that establishes jurisdiction in the circuit court under Section 11-51-75. *Id.* at 305. The legislative provision of a notice of appeal aligns the process for appealing a local governing authority's decision to circuit court with the "current appellate procedure in the Mississippi Rules of Appellate Procedure." *Id.* at 304. The Mississippi Rules of Appellate Procedure provide that the filing of a timely but imperfect notice of appeal does not defeat the appellate court's jurisdiction. "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the perfection of the appeal, but is ground only for such action as the [court] deems appropriate, which may include dismissal of the appeal." M.R.A.P. 3(a).

¶21. Our recent unanimous decision in *Board of Supervisors of Jackson County v. Qualite Sports Lighting, LLC*, 337 So. 3d 1040 (Miss. 2022), adds further support to our determination that the contents of the notice of appeal should be deemed procedural. In *Qualite*, we decided that Section 11-51-75 does not allow the parties to conduct discovery

on appeal or to go beyond the record created before the local governing authority. *Id.* at 1042. First we examined proceedings under the former bill of exceptions regime. *Id.* at 1044. The bill of exceptions itself had functioned as the record on appeal. *Id.* (citing *Falco Lime, Inc. v. Mayor & Aldermen of Vicksburg*, 836 So. 2d 711, 716 (Miss. 2002)). Examining the plain language of the amended statute as a whole, we found that it does not allow consideration of new evidence on appeal; it only permits appellate consideration of the record made before the local governing authority. *Qualite*, 337 So. 3d at 1047. Further, we recognized that *American Tower* acknowledged that the revised statute's provision of a notice of appeal is consistent with the Mississippi Rules of Appellate Procedure. *Qualite*, 337 So. 3d at 1047. We found that disputes about the content of the appellate record should be resolved with reference to Mississippi Rule of Appellate Procedure 10, which governs content of the record. *Id.* at 1048.

¶22.    We hold that naming all petitioners as appellees in a notice of appeal is a procedural requirement and that it is not jurisdictional. First, Section 11-51-75 itself does not say that naming all petitioners in a notice of appeal is jurisdictional. Second, the content of a notice of appeal is governed by the Mississippi Rules of Appellate Procedure, which this Court has recognized apply to appeals brought under Section 11-51-75. *Am. Tower*, 324 So. 3d at 304. Third, *American Tower* indicated that an appeal is perfected under Section 11-51-75 by the filing of a timely notice of appeal. *Id.* at 305. And fourth, as discussed below, although Section 11-51-75 does require that each petitioner be named as an appellee, the omission of a necessary party from a lawsuit does not defeat the court's jurisdiction to permit addition

of missing parties.

¶23.    Longo and South Beach rely in part on *Allen*, 242 So. 3d at 16, for their contention that the failure to name an omitted petitioner is jurisdictional. In that case, this Court determined that the former statutory requirement that a bill of exceptions include the signature of the president of the board was not jurisdictional. *Id.* We ultimately held that "a perfect bill of exceptions is not a jurisdictional requirement." *Id.* But part of that analysis relied on the fact that Section 11-51-75 did not impose content requirements for a bill of exceptions. *Id.* at 21. "The Legislature is assumed to be aware of judicial interpretations of its statutes[.]" *McDaniel v. Cochran*, 158 So. 3d 992, 1000 (Miss. 2014). Longo and South Beach speculate that because, after *Allen*, the legislature amended Section 11-51-75 to provide content requirements for the notice of appeal, the legislature must have intended for those content requirements to be jurisdictional.

¶24.    We disagree. In *Allen*, the Court contrasted the absence of content requirements in Section 11-51-75  with our decision in *McDonald v. Spence*, 179 Miss. 342, 174 So. 54, 55-56 (1937), *superseded by statute as stated in Allen*, 242 So. 3d at 20). In *McDonald* we held that a bill of exceptions filed under the Corrupt Practices Act did not confer jurisdiction on the court. The bill of exceptions was deficient because it did not

> set up, in the manner required by the act, the points of law and the rulings of the court thereon seriatum, with a synopsis of the evidence pertinent to each point, or the ruling sought to be reversed. There is no certificate by the trial judge that this bill of exceptions is a correct statement of the proceedings before him, but, on the contrary, it shows that it is not a correct statement of the proceedings, and it was never presented to and signed by two attorneys, as may have been done where the judge refuses or fails to sign same.

14

*Id.* But *McDonald* was decided prior to our decision in *Newell* that this Court has exclusive jurisdiction to prescribe rules of procedure and that "the Legislature cannot set court procedure in statutes." *Allen*, 242 So. 3d at 24 (citing *Newell*, 308 So. 2d 71). Further, *McDonald* was decided before our adoption of the Mississippi Rules of Appellate Procedure, which became effective on January 1, 1995. Moreover, in *Allen*, this Court determined that the failure of a bill of exceptions to comply with a statutory signature requirement does not deprive the circuit court of jurisdiction. *Allen*, 242 So. 3d at 24. Although *Allen* mentioned the absence of statutory content requirements for a bill of exceptions, it did not hold that all statutory content requirements for a bill of exceptions are jurisdictional.

¶25. Under the amended Section 11-51-75(a)(i), any petitioner before the local governing authority must be made a party to the appeal. But the requirement that petitioners be named in the notice of appeal is procedural, not jurisdictional. This bears some similarity to a will contest in which "all persons interested in such contest shall be made parties." Miss. Code Ann. § 91-7-25 (Rev. 2021). We have held that the requirement that all interested parties be joined in the lawsuit is jurisdictional. *Garrett v. Bohannon*, 621 So. 2d 935, 937 (Miss. 1993). "The Court has no power to proceed with a will contest, if any of the interested parties are not before the court." *Id.* (quoting Weems, *Wills and Administration of Estates in Mississippi* § 8-4 (1988)). Although a chancery court lacks jurisdiction to adjudicate a will contest without all necessary parties, that court does have jurisdiction to add necessary parties after the will contest has been filed. *Id.* at 938 ("The proceedings should have been held in abeyance until all necessary parties were joined."). By analogy, if a notice of appeal under

15

Section 11-51-75 fails to name a petitioner who had appeared before the local governing authority, the circuit court has jurisdiction to allow the error to be corrected before proceeding to adjudicate the appeal. That is because the circuit court's jurisdiction attaches at the time of the filing of a timely notice of appeal, and errors in the content of the notice of appeal are subject to correction in the circuit court's discretion. Miss. Code Ann. § 11-51-75; *Am. Tower*, 324 So. 3d at 305; M.R.A.P. 3(a).

¶26.    The dissent directs attention to out-of-state case law to support its position that the notice contents should be deemed jurisdictional. *See Hirschman v. Chatham Cnty.*, 792 S.E.2d 211 (N.C. Ct. App. 2016). But the approach of that jurisdiction, while interesting, is irrelevant to an analysis of our statute under Mississippi's constitutional separation of powers provisions. *See* Miss. Const. art. 6, § 144. In Mississippi, "[t]he inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts." *Newell*, 308 So. 2d at 76; *see also Jones v. City of Ridgeland*, 48 So. 3d 530, 536 (Miss. 2010); *Donaldson v. Cotton*, 336 So. 3d 1099 (Miss. 2022). Here, the legislature did not exercise its prerogative to identify the contents of the statutory notice of appeal as jurisdictional, and we have no indication that was its intent. Therefore, the question before us squarely relates to this Court's long-established and inherent rule-making authority. We reiterate that the circuit court siting as an appellate court has discretion to deny an opportunity to correct a defect in the notice of appeal and can dismiss the appeal. M.R.A.P. 3. Our holding that this category of basic error is procedural rather than jurisdictional does not create an entitlement to correction.

16

¶27. Omitting the name of an appellee from the notice of appeal does not require dismissal of the appeal but is subject to correction after the appeal's perfection. M.R.A.P. 3(a). A notice of appeal that omits the name of the petitioner under Section 11-51-75 does not deprive the circuit court of jurisdiction over the appeal. No conflict exists between the statutory joinder requirement and the procedural rule governing the content of the notice of appeal. The statute requires joinder; but if the required party's name inadvertently is left off the notice of appeal, the error is subject to corrective action in the circuit court's discretion. M.R.A.P. 3(a).

## CONCLUSION

¶28. We find that the requirement that a petitioner in a proceeding before a local governing authority be named in a notice of appeal from the authority's decision under Section 11-51-75 is procedural, not jurisdictional. Under Rule 3(a) of the Mississippi Rules of Appellate Procedure, the omission of a petitioner's name from a timely notice of appeal is "ground only for such action as the [circuit court] deems appropriate, which may include dismissal of the appeal." M.R.A.P. 3(a). Therefore, the circuit court had jurisdiction to take action including allowing the filing of an amended notice of appeal that named the required party as an appellee.

¶29. **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KING, P.J., ISHEE AND GRIFFIS, JJ., CONCUR. CHAMBERLIN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COLEMAN, MAXWELL AND BEAM, JJ.**

**CHAMBERLIN, JUSTICE, DISSENTING:**

17

¶30. With its decision today, the majority swerves out of the judicial lane of traffic, directly into a head-on collision with legislative authority while, for good measure, throwing the word "shall" out the passenger side window. In other words, I disagree with the majority opinion and would find that Mississippi Code Section 11-51-75(a)(i) (Rev. 2010), which requires Scott Ballard, William Ward & Kyle Kent, LLC (SWK), and Beach Walk Development, LLC (Beach Walk), to be joined as parties, must be satisfied for the circuit court to obtain appellate jurisdiction.

¶31. Article 6, section 156, of the Mississippi Constitution states that "[t]he circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law." Miss. Const. art. 6, § 156. The legislature through Section 11-51-75 has prescribed appellate jurisdiction to the circuit court over appeals from decisions of municipal authorities. In 2018, the legislature significantly amended Section 11-51-75. Prior to the 2018 revision, Section 11-51-75 required the appealing party to "embody the facts, judgment and decisions in a bill of exceptions" which would be signed by the president of the board of supervisors and used as a record before the appellate court. Miss. Code Ann. § 11-51-75 (Rev. 2002); *see* *City of Jackson v. Allen*, 242 So. 3d 8 (Miss. 2018), *superseded by statute as recognized in* *Am. Tower Asset Sub, LLC v. Marshall Cnty.*, 324 So. 3d 300 (Miss. 2021). The statute previously did not require the addition of the prevailing petitioner who came before the board of supervisors to be an appellee. *City of Jackson v. United Water Servs., Inc.*, 47 So. 3d 1160, 1161 (Miss. 2010) ("The rationale behind permitting only the

18

'aggrieved' to appeal is logical. It is not the act or conduct of a prevailing bidder which is subject to examination at the appellate level."). A court evaluating a claim under Section 11-51-75, however, had the "authority to allow additional parties to participate in the appeal upon timely application or upon the court's invitation" through the filing of an amicus curiae brief. *Cooper v. City of Picayune*, 511 So. 2d 922, 923-24 (Miss. 1987). Section 11-51-75 now reads, in relevant part, as follows:

> Any person aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality, may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body or in which the municipality is located. A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which session of the board of supervisors or the governing authority of the municipality rendered the judgment or decision. Upon filing, a copy of the notice of appeal must be delivered to the president of the board of supervisors or to the mayor or city clerk of the municipality and, if applicable, to any party who was a petitioner before the board of supervisors or the governing authority of the municipality.

> (a) The notice of appeal filed in the circuit court with the circuit clerk *shall* contain the following:

> (i) The name of the county board of supervisors or the name of the municipality as the appellee. If applicable, *any party who was a petitioner before the board of supervisors or the governing authority of the municipality shall be named as an appellee.*

> (ii) A succinct statement of the reasons, or grounds, for the appeal.

> (iii) A written description or designation of record which includes all matters that the appellant desires to be made part of the record.

> (iv) Appellant must also deliver a copy of the notice of appeal and a written designation of the record, along with

19

a list of all documents or transcripts in appellant's possession, to the clerk of the board of supervisors or to the clerk of the municipality.

(b) An appellee has ten (10) days from the filing of the notice of appeal with the circuit clerk to designate any other items or matters that appellee believes should be included in the designated record.

Miss. Code. Ann. § 11-51-75 (Rev. 2019) (emphasis added).

¶32. The issue before this Court is whether failure to satisfy the requirement to name all parties in the notice of appeal under Section 11-51-75(a)(i) is a jurisdictional defect and, if so, whether such defect can be cured. The plain language of the statute does not indicate how a defect in the notice of appeal affects the jurisdiction of the appeal. 920 South Beach Boulevard, LLC (920 South Beach), and the group of individuals who objected to the approval of Beach Walk's preliminary plat approval (collectively, "Longo") argue that appellate jurisdiction was conferred by the *timely* filing of the notice of appeal; therefore, the defect was procedural, and the circuit court in their respective cases should have allowed the addition of SWK and Beach Walk, respectively, under Mississippi Rule of Civil Procedure 19. The City of Bay Saint Louis and Beach Walk argue that it is not enough that 920 South Beach and Longo merely filed *something* within the ten-day window because compliance with the statutory requirements for the notice of appeal perfects the appeal and confers jurisdiction.

¶33. This Court addressed the requirements for the notice of appeal under the amended statute in ***American Tower***, which held that failure to properly *serve* the notice of appeal was a procedural defect that could be cured. ***Am. Tower***, 324 So. 3d at 305 (emphasis added).

20

This Court alluded, however, to the legislature's mandatory requirements for the notice of appeal when it stated that "American Tower's notice of appeal was filed within ten days, *and it complied* with Section 11-51-75 (a)(i)-(iv)." *Id.* at 304 (emphasis added). This Court further stated that "[t]he revised statute made clear that the notice of appeal grants appellate jurisdiction in the circuit court, and this is consistent with the current appellate procedure in the Mississippi Rules of Appellate Procedure." *Id.* at 304. Under this reasoning, I would conclude that if the legislature, which has the constitutional authority to confer appellate jurisdiction, places requirements on the notice of appeal, which is the instrument used to confer appellate jurisdiction, then the requirements are mandatory and jurisdictional.

¶34. Courts in other jurisdictions have addressed similar statutes, and their rulings are helpful to the analysis. In *Hirschman v. Chatham County*, residents of Chatham County, North Carolina, appealed a decision of the board of commissioners allowing a conditional-use permit for the construction of a telecommunications tower. *Hirschman v. Chatham Cnty.*, 792 S.E.2d 211, 212 (N.C. Ct. App. 2016). Similar to the present cases, the residents of Chatham failed to name the applicant in their appeal, as required by North Carolina General Statute Section 160A-393(e). That statute specifically provided:

> The respondent named in the petition shall be the city whose decision-making board made the decision that is being appealed, except that if the petitioner is a city that has filed a petition pursuant to subdivision (4) of subsection (d) of this section, then the respondent shall be the decision-making board. If the petitioner is not the applicant before the decision-making board whose decision is being appealed, *the petitioner shall also name that applicant as a respondent*.

*Hirschman*, 792 S.E.2d at 213 (emphasis added) (citing N.C. Gen. Stat. § 160A-393(e),

21

*repealed by* S.L. 2019-111, § 2.3, *as amended by* S.L. 2020-25, § 51(b), eff. June 19, 2020).

¶35.    The trial court dismissed the appeal for lack of jurisdiction, finding that "the appeal was not properly perfected in accordance with N.C. Gen. Stat. § 160[A]-393(e), in that the [p]etitioners were not the applicants before the decision-making board whose decision is being appealed, and the [p]etitioners failed to name the applicants . . . as respondents in their petition." *Hirschman*, 792 S.E.2d at 212 (first, second, and third alterations in original) (internal quotation mark omitted).  The residents appealed the trial court's dismissal, arguing that "the trial court was obligated to allow their motion to amend the petition." *Id.* at 213-14 (citing *Philadelphus Presbyterian Found., Inc. v. Robeson Cnty. Bd. of Adjustment*, 231 N.C. App. 714 (2014)).  The North Carolina Court of Appeals affirmed the trial court's decision and noted that "the use of the word 'shall' in a statute indicates what actions are required or mandatory." *Id.* at 213 (internal quotation mark omitted) (quoting *Morningstar Marinas/Eaton Ferry, LLC v. Warren Cnty.*, 755 S.E.2d 75, 79 (N.C. Ct. App. 2014)).  The North Carolina Court of Appeals analyzed prior cases in which motions to amend appeals under different statutes had been granted in order to cure the failure to add necessary parties. *Id.* at 214-16.  The distinguishing factor in the North Carolina Court of Appeals' analysis of the North Carolina case law was whether the language of the statute required the party to be joined in the action. *Id.*  The North Carolina Court of Appeals stated that "an appeal is not a matter of absolute right, but the appellant must comply with the statutes and rules of Court as to the time and manner of taking and perfecting his appeal." *Id.* at 216 (internal quotation marks omitted) (quoting *Caudle v. Morris*, 74 S.E. 98, 98 (N.C. 1912)).  The court further

reasoned that its state legislative body had enacted the specific legislation to "avoid the dilemmas our courts have previously faced in attempting to ascertain the required respondents in an appeal of a quasi-judicial decision[.]" *Id.* at 216. Therefore, because the statute required specific parties to be named in the appeal, the failure to include the necessary party left the trial court "without jurisdiction to review the merits." *Id.* I find this rationale persuasive.

¶36. The 2018 revision to Section 11-51-75 requires SWK and Beach Walk to be named parties to these appeals. 920 South Beach and Longo did not include SWK and Beach Walk, respectively, in their appeals during the ten-day window for appeal. Therefore, I would find that the failure to add these necessary parties to their respective appeals leaves this Court "without jurisdiction to review the merits." *Id.*

¶37. This Court has held that "when an appeal of a decision rendered by municipal authorities is not perfected within the statutory time constraint of ten days, no jurisdiction is conferred upon the appellate court, i.e., the circuit court." *McPhail v. City of Lumberton*, 832 So. 2d 489, 492 (Miss. 2002) (citing *Newell v. Jones Cnty.*, 731 So. 2d 580, 582 (Miss 1999)). Although this holding is referring to the prior version of the statute, it is binding precedent. The legislature used language in the 2018 revision to Section 11-51-75 that created mandatory requirements for the contents of the appeal when it stated that "any party who was a petitioner before the board of supervisors or the governing authority of the municipality *shall* be named as an appellee." Miss. Code Ann. § 11-51-75 (emphasis added); *see Franklin v. Franklin ex rel. Phillips*, 858 So. 2d 110, 115 (Miss. 2003) ("A basic tenet

23

of statutory construction is that 'shall' is mandatory and 'may' is discretionary." (quoting *Planters Bank & Tr. Co. v. Sklar*, 555 So. 2d 1024, 1027 (Miss. 1990))).

¶38. The failure to satisfy the mandatary requirement of Section 11-51-75(a)(i) leaves the appeal unperfected and the circuit court without jurisdiction. *McPhail*, 832 So. 2d at 492. The trial court was correct to dismiss the appeal for lack of jurisdiction. *See Newell*, 731 So. 2d at 582 ("Where an appeal is not perfected within the statutory time constraints no jurisdiction is conferred on the appellate court; and the untimely action should be dismissed." (citing *Moore v. Sanders*, 569 So. 2d 1148, 1150 (Miss. 1990), *abrogated by Bowen v. DeSoto Cnty. Bd. of Supervisors*, 852 So. 2d 21, 23 (Miss. 2003))).

¶39. 920 South Beach argues it should be allowed to cure the defect under Rule 19 of the Mississippi Rules of Civil Procedure. The City of Bay Saint Louis and Beach Walk argue that, under the Mississippi Rules of Appellate Procedure, no mechanism is available to cure this defect in the notice of appeal. The statute does not provide a mechanism to cure such a defect. I do not agree that an appeal has been perfected in this case. But I do agree with the majority that the Mississippi Rules of Appellate Procedure apply to appeals under Section 11-51-75, *after* the appeal has been perfected.

¶40. Assuming *arguendo* that an appeal had been perfected, no rule exists in the Rules of Appellate Procedure to include SWK or Beach Walk as a party to their respective appeals, although the right to file an amicus brief might be available to them. In the few instances in which an appeal was taken without all parties in an appellate proceeding, the Court of Appeals limited the review "to those parties named in an appellant's notice of appeal." *Est.*

24

*of Perry ex rel. Rayburn v. Mariner Health Care, Inc.*, 927 So. 2d 762, 765 (Miss. Ct. App. 2006). In those instances, the appellant makes a choice against whom it wishes to appeal, as opposed to the statutory mandate to include certain parties at issue here. Limiting the scope of review to only the named parties will not remedy the issues before us today because the mandatory statutory requirements for joining certain parties would remain unsatisfied. Additionally, even if there was a mechanism to amend, 920 South Beach and Longo could not now amend their respective notice of appeal because the ten-day window to appeal in Section 11-51-75 has long since passed.[1] *See Tandy Elecs., Inc. v. Fletcher*, 554 So. 2d 308, 311 (Miss. 1989) ("The thirty-day rule for perfecting an appeal is in the nature of a statute of limitations."). Without the joinder of the mandatory parties, the circuit court in each respective case did not have jurisdiction over the respective appeals in order to proceed with an evaluation of the merits of the case, and therefore rightly dismissed the appeal.

¶41. 920 South Beach and Longo argue that if the Mississippi Rules of Appellate Procedure apply, then the timely filing of the notice of appeal is sufficient to confer jurisdiction because an appeal "shall not be dismissed for informality of form or title of the notice of appeal." Miss. R. App. P. 2, 3(c). The perfection of the appeal, however, in this case, and its contents, are dictated by statute. The Mississippi Rules of Appellate Procedure do not become applicable until the appeal has been perfected. These appeals have not been perfected. Further, failure to add a mandatory party is not an "informality of form or title." Miss. R. App. P. 3(c).

---

[1] In the case of 920 South Beach, the parties attempted to add the necessary parties more than a year after the ten-day window to appeal had expired

¶42. This Court has addressed a similar argument under a different statute in *Belmont Holding, LLC*, in which this Court interpreted the statutory language of Mississippi Code Section 11-51-79. *Belmont Holding, LLC v. Davis Monuments, LLC*, 253 So. 3d 323, 324 (Miss. 2018). Mississippi Code Section 11-51-79 provides, "[a]ppeals from the county court shall be taken and bond given within thirty (30) days from the date of the entry of the final judgment or decree on the minutes of the court[.]" Miss. Code Ann. § 11-51-79 (Rev. 2019). Belmont Holding timely appealed a county court's denial of its replevin claim but failed to pay the cost bond within thirty days of the final judgment. *Belmont Holding*, 253 So. 3d at 324. The circuit court dismissed the appeal for lack of jurisdiction due to the failure to pay the cost bond, and Belmont appealed to this Court. *Id.* at 326. Belmont argued that the court erred by finding the failure to pay a cost bond was a jurisdictional defect because Section 11-51-79 was superseded by Mississippi Rules of Appellate Procedure 3(a) and 11(b)(1). *Id.* at 326. This Court interpreted the statute in *Belmont Holding* to mandate jurisdictional requirements by stating:

> [i]t is the prerogative of the Legislature to set the appellate jurisdiction of circuit courts; it is not the Court's prerogative to establish jurisdiction through rules of procedure.
>
> . . . .
>
> . . . The circuit court, sitting as an appellate court, did not enter a discretionary dismissal under Rule 2(a)(2) for the failure to comply with "these rules," i.e., the Mississippi Rules of Appellate Procedure; rather, the circuit court dismissed the appeal for lack of appellate jurisdiction. As explained above, it is the Legislature's prerogative to set appellate jurisdiction of circuit courts. It did so in Section 11-51-79.

*Belmont Holding*, 253 So. 3d at 330-31. This Court affirmed the circuit court's dismissal

of the appeal and noted the long-standing precedent that timely paying the cost bond, as required by statute, is a jurisdictional requirement. *Id.* at 329-30.

¶43. I would affirm the trial court's dismissal of these appeals because the requirements of a statute to confer jurisdiction are not superseded by this Court's procedural rules. *Belmont Holding*, 253 So. 3d at 331. The legislature did not grant the same protections for an appeal under Section 11-51-75 as this Court has given other appeals through the rules of appellate procedure. This Court has stated in its rules that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the perfection of an appeal, but is grounds only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal." Miss. R. App. P. 3(a). The statute that controls the perfection of the appeal in this case does not contain similar language. 920 South Beach and Longo failed to take the necessary steps prescribed by the legislature to confer appellate jurisdiction and therefore cannot claim that the rules of procedure should protect the appeal from dismissal for lack of jurisdiction.

¶44. A similar issue occurred in *Schmidt v. True (In re Will of True)*, 220 So. 3d 276 (Miss. Ct. App. 2017), regarding a will contest under Mississippi Code Section 91-7-21. The Court of Appeals voided and set aside a judgment from the Yalobusha County Chancery Court due to the failure to join "all interested parties pursuant to the statutory mandate." *True*, 220 So. 3d at 279 (citing *Garrett v. Bohannon*, 621 So. 2d 935, 938 (Miss. 1993)). Section 91-7-21 provides "in any proceeding to contest the validity of a will, all persons interested in such contest *shall* be made parties." Miss. Code Ann. § 91-7-25 (Rev. 2021)

(emphasis added). The court in *True* relied on *Garrett*, 621 So. 2d 935, a case from this Court that considered similar issues under Section 91-7-21. *Id.* In *Garrett*, this Court reasoned that "[t]o grant validity and credence to the court's action in proceeding with the codicil contest without joinder of all interested parties would undermine the legislative mandate of Miss. Code Ann. § 91-7-25." *Garrett*, 621 So. 2d at 937. These cases stand for the proposition that when a party fails to comply with the legislature's mandate for the inclusion of necessary parties, the case should not be evaluated on its merits. But because *Bohannon* and *True* were cases that were covered by the Mississippi Rules of Civil Procedure, they were remanded back to the trial court for further action. *Bohannon*, 621 So. 2d at 938; *True*, 220 So. 3d at 279. Here, the Mississippi Rules of Appellate Procedure do not contemplate the joinder of additional parties and, under similar reasoning, the present cases would have to be dismissed.

¶45. The majority's opinion undermines the legislative mandate of Section 11-51-75 by allowing SWK and Beach Walk to be added to the appeal long after the time for perfection of the appeal has ended and despite the fact that we do not have a rule of appellate procedure for such an action. Additionally, the majority's approach is in direct opposition to the plain language of the statute that evidences the legislature intent that the board and any other petitioner before the board must be made appellees at the outset, i.e., at the time of the filing of the notice of appeal. This Court should not use the rules of appellate procedure as a vehicle to veer into the lane of the legislature's authority. The majority's opinion creates the possibility that a prevailing petitioner before the board, such as SWK and South Beach, may

28

not have notice of an appeal of the board's decision until years after the appeal has been filed and even possibly after the case has been decided by the circuit court and, possibly, this Court.

¶46.    I respectfully dissent and conclude that because 920 South Beach and Longo did not add the necessary parties to their respective appeals, the circuit court lacked appellate jurisdiction over the appeals.  Additionally, the failure to amend the appeals to add SWK and Beach Walk as a party within the statutorily prescribed ten-day window for appeal required the circuit court to dismiss the appeal for lack of jurisdiction.  I would affirm the judgments of the Circuit Court of Hancock County dismissing the appeals in each case because the appeals did not satisfy the mandatory and jurisdictional requirements of Section 11-51-75(a)(i).

**COLEMAN, MAXWELL AND BEAM, JJ., JOIN THIS OPINION.**